UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>               Plaintiff,<br><br>     v.<br><br>ROCHESTER MEDICAL CORPORATION,<br>a Minnesota corporation; and<br>JOHN DOE DISTRIBUTOR,<br><br>               Defendants. | 1:07-CV-01318-OWW-GSA<br><br>MEMORANDUM DECISION RE<br>DEFENDANT'S MOTION TO DISMISS<br>(DOC. 8) AND PLAINTIFF'S<br>MOTION TO REMAND (DOC. 19) |

## 1. <u>INTRODUCTION</u>

Defendant Rochester Medical Corporation ("RMC") moves to dismiss pro per Plaintiff Timothy Crayton's ("Crayton") complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4)-(5). Doc. 8, filed Sept. 12, 2007, Def.'s Mot. Dismiss. Defendant alternatively moves to dismiss the complaint's fraudulent misrepresentation claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) as well as to strike punitive damages pursuant to Fed. R. Civ. P. 12(f). *Id*. Plaintiff opposes and moves to remand. Doc. 19, filed Jan. 9, 2009, Pl.'s Opp'n.[1]

---

[1] Pursuant to L.R. 78-230(m), the motions were submitted upon the record without oral argument.

1

1

## 2.   FACTUAL AND PROCEDURAL HISTORY

2   Plaintiff Crayton is a wheelchair-bound paralytic and inmate

3   at Kern Valley State Prison.[2] Doc. 8, Def.'s Mot. Dismiss, Ex. A,

4   Compl. On or about March 20, 2006, Plaintiff injured himself when

5   he used Defendant RMC's condom catheter for his "medical

6   urination disability needs." *Id*. ¶¶ 5-6. The complaint identifies

7   the condom catheter as "ULTRAFLEX silicone self-adhering male

8   external catheter, U.S. Patent No. 5,176,666 and No. 5,376,085."

9   *Id*. ¶ 2.

10   A.   California Action

11   On June 14, 2007, Plaintiff Crayton commenced this action

12   against Defendant RMC in the California Superior Court, Kern

13   County, alleging strict products liability and negligence,

14   fraudulent misrepresentation, and breach of implied warranty

15   arising from hair and skin tear suffered by plaintiff while

16   removing a condom catheter from his penis.[3] Compl. ¶ 11.

17   Plaintiff alleges the catheter is inherently dangerous and

18   defective in design because the condom is unevenly lined with

19   glue that is invisible, insoluble in water, excessively strong,

20   and adheres to the full length of the penis. *Id*. ¶ 9-12. The

21   condom lacks a prominent lip ridge by which a person's fingers

22   can catch traction to safely remove it and the packaging and

23   instructions falsely suggest the condom simply rolls off the

24

25   [2] Crayton also claims to have brain damage. *See* Doc. 18.

26   [3] The complaint also lists "John Doe Distributor" as a
defendant. However, John Doe Distributer was dismissed from the
27   state action (Jan. 3, 2008), after RMC filed its notice of
removal in federal court (Sept. 7, 2007) but before it filed
28   notice in state court (Jan. 11, 2008).

penis. *Id*. ¶ 12-15. RMC, as an expert in medical devices, knew or should have known of the catheter's defective design and foreseeable risk of injury it posed, but deliberately concealed the catheter's defects, did not provide adequate warning or instructions for safe removal, and failed to incorporate safer alternative designs. *Id*. ¶ 23-25.

The complaint seeks $500,000 in compensatory and general damages for pain and suffering, mental anguish and distress, loss of earning capacity, erectile dysfunction, reproductive and urinary function damage, and indemnification for future medical expenses. Compl. "Prayer" ¶ 1. The complaint also seeks $1,000,000 in punitive damages because RMC's acts and omissions were allegedly cruel, egregiously malicious and fraudulent, posed a threat of foreseeable injury, and were committed in conscious disregard of plaintiff's safety. Compl. ¶ 58.

B.   Defendant's Removal and Motion to Dismiss

On September 7, 2007, Defendant filed a notice of removal of the action to the district court pursuant to 28 U.S.C. § 1446(b). Plaintiff resides in California. Defendant is a corporation with its principal place of business in Minnesota. The amount in dispute is allegedly in excess of the $75,000 jurisdictional minimum. Doc. 25-2, filed Jan. 25, 2008, Decl. Stacy C. Spodick Supp. Def.'s Reply ¶ 2.

On September 9, 2007, Defendant filed a motion to dismiss for insufficient service of process. Doc. 8, Def.'s Mot. Dismiss. Alternatively, Defendant moves to dismiss the fraudulent misrepresentation (third) cause of action on the ground that the complaint (1) does not allege RMC is a fiduciary with a duty to

1  disclose the allegedly concealed fact and (2) does not plead
2  fraud with particularity as required by Rule 9(b) because the
3  claim merely asserts RMC communicated "something that was false
4  or misleading" in some unknown way. *Id.* at 6, 8. Defendant also
5  moves to strike the punitive damages request for failing to plead
6  specific facts showing RMC acted egregiously or with evil motive.
7  *Id.* at 9.

8      Plaintiff opposes and contends (1) the action should not be
9  dismissed because an authorized corporate agent received the
10 complaint and summons naming RMC's President/CEO and RMC received
11 actual notice; (2) RMC never removed the case because it did not
12 file a notice of removal in the Kern County Superior Court[4] as
13 required by 28 U.S.C. § 1446(d); (3) the fraudulent
14 misrepresentation claim is particular and pleads the essential
15 elements necessary to sustain a claim upon which relief can be
16 granted; and (4) the punitive damages prayer is particular and
17 entitled to liberal construction because plaintiff is pro se.
18 Doc. 19, Pl.'s Opp'n.

19     On January 30, 2008, Plaintiff Crayton submitted an
20 additional exhibit in support of his argument that service by

21
22     [4] Plaintiff Crayton also argues that on October 17, 2007,
   the state court decided that because Defendant RMC did not file
23 its notice of removal in state court to effect removal, the
   plaintiff may proceed with default judgment against RMC. However,
24 the Kern County Superior Court's docket, which is subject to
   judicial notice, states that plaintiff, not defendant, was
25 ordered to file a removal order. On November 20, 2007, the state
   court set a December 11, 2007 hearing ordering the parties to
26 show cause why the action should not be dismissed and why Crayton
   should not be sanctioned for failure to comply with the October
27 17, 2007 order directing that he file the removal order. No
28 further mention is made of the removal order in the docket.

                                4

process was effectuated. Doc. 26, Pl.'s Br. Supp. Pl.'s Opp'n. On April 10, 2008, Crayton appears to have attempted to serve RMC again. Doc. 30, Pl.'s Second Service.

### 3.   STANDARD OF REVIEW

A complaint "should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim). In deciding a motion to dismiss, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002).

The court need not accept as true allegations that contradict facts that may be judicially noticed. *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, *see Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See W. Mining Council v. Watt*, 643

1  F.2d 618, 624 (9th Cir. 1981); *see also Branch v. Tunnell*, 14

2  F.3d 449, 453 (9th Cir. 1994) ("[A] document is not 'outside' the

3  complaint if the complaint specifically refers to the document

4  and if its authenticity is not questioned."), *overruled on other*

5  *grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th

6  Cir. 2002). Allegations in the complaint may be disregarded if

7  contradicted by facts established by exhibits attached to the

8  complaint. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267

9  (9th Cir. 1987).

10

11                          **4. DISCUSSION**

12  **A.   Did Plaintiff Crayton Properly Serve Defendant Rochester**

13         **Medical Corporation under California Law?**

14         Fed. R. Civ. P. Rule 12(b)(5) permits a defendant to attack

15  a complaint for insufficiency of service of process. Without

16  personal jurisdiction over a defendant, a court lacks

17  jurisdiction to adjudicate that party's rights, whether or not

18  the court has valid subject matter jurisdiction. *Dragor Shipping*

19  *Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967)

20  ("The fact that subject-matter jurisdiction may exist does not

21  excuse the lack of *in personam* jurisdiction."). The plaintiff

22  bears the burden of establishing the validity of process. *Norlock*

23  *v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).

24         Although a defendant's appearance to attack sufficiency of

25  service is an admission that defendant has actual knowledge of

26  the lawsuit, actual knowledge does not substitute for proper

27  service of process. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484

28  U.S. 97, 104 (1987) ("[B]efore a court may exercise personal

                                **6**

jurisdiction over a defendant, there must be more than notice to
the defendant and a constitutionally sufficient relationship
between the defendant and the forum."); *Worrell v. B.F. Goodrich
Co.*, 845 F.2d 840, 841 (9th Cir.), *cert. denied*, 491 U.S. 907
(1989) (service fails unless defendant returns acknowledgment
form); *Accord Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*,
988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he
has been sued does not cure defective service, and an appearance
for the limited purpose of objecting to service does not waive
the technicalities of the rule"); *Amen v. City of Dearborn*, 532
F.2d 554, 557 (6th Cir. 1976) ("[D]ue process requires proper
service of process in order to obtain *in personam*
jurisdiction."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th
Cir. 1982).

Fed. R. Civ. P. Rule 4 governs service of process in federal
actions, including those based on diversity, and permits service
to be effectuated "pursuant to the law of the state in which the
district court is located, or in which service is effected." Fed.
R. Civ. P. 4(e)(1). The sufficiency of service of process prior
to removal from state court is determined under state law. *Lee v.
City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993). Here,
Crayton attempted to serve RMC prior to the action's removal on
August 6, 2007. Doc. 8, Def.'s Mot. Dismiss, Ex. B, Copy of
Envelope. The sufficiency of Crayton's service of the summons and
complaint is therefore tested under California law.

To serve a corporation by mail outside California pursuant
to California law, the summons must be mailed to a "person to be
served on behalf of the corporation," Cal. Code Civ. P. § 415.40,

which is either a "person designated as agent for service of process" or

> the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

*Id*. § 416.10(a)-(b). "The words 'person to be served' are words of precision, used throughout the act, intended to refer to the 'individual' to be served, and not to the 'party' [to be served]." *Dill v. Berquist Constr. Co*., 24 Cal. App. 4th 1426, 1435 (1994) (citations omitted). Since a corporation can only be served through service on some individual person, the person to be served is always different from the corporation. *Id*. at 1436.

These provisions regarding service of process "should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Id*. (citations omitted). Substantial compliance is therefore sufficient. *Id*. For instance:

> when the defendant is an individual, that individual is the person to be served, and evidence that the mailed summons actually reached that individual is sufficient to establish valid service, even though the summons had been signed for by someone who did not have authority to do so . . . [But] when the defendant is a corporation, the "person to be served" is one of the individuals specified in section 416.10. [Substantial compliance] with the statute [may be found] if, despite [the] failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served.

*Id*. (citations omitted).

In *Dill*, the plaintiff mailed summonses to out-of-state defendant corporations at their respective addresses pursuant to

§ 415.40 (service outside state) and § 416.10 (service to
corporations). *Id*. at 1436. Because the summonses were addressed
to the corporations rather than to the appropriate individuals,
plaintiff did not strictly comply with either statute. *Id*. at
1437. Moreover, the plaintiff did not substantially comply. No
evidence was presented that the persons who signed the mail
receipts held a position specified in § 416.10. *Id*. at 1438. The
court noted that although one of the receipts stated that the
signer was an "agent," this was "not competent evidence of that
fact." *Id*. at 1437. Even if the signer was an agent of the
corporation, there was no evidence that the signer was authorized
to accept service of process. *Id*. Finally, because the proofs of
service plaintiff provided were addressed solely to the
corporations rather than an individual specified in § 416.10, the
proofs of service "failed to comply with the minimum statutory
requirements, and no presumption of proper service ever arose"
*Id*. at 1442. The court found that service of process was not
legally effectuated and affirmed the lower court's dismissal for
failure to properly serve. *Id*. at 1443.

The facts here are indistinguishable. Crayton mailed the
summons and complaint to "Rochester Medical Corporation." Doc. 8,
Def.'s Mot Dismiss, Ex. B, Copy of Envelope; *see also* Doc. 26,
Pl.'s Br. Supp. Pl.'s Opp'n, Ex. A, Certified Mail Receipt.
Although Crayton submits a copy of the actual summons that states
"President/CEO" as the person being served, that person is not
addressed on the envelope he used to mail the summons. Doc. 8,

Def.'s Mot. Dismiss, Ex. C, Copy of Summons.[5] Because the summons and complaint are addressed to RMC and not one of the appropriate individuals listed in § 416.10, Crayton did not strictly comply with § 415.40 or § 416.10. *Dill*, 24 Cal. App. 4th at 1437.

Nor did Crayton substantially comply. There is no evidence that the person who signed the mail receipt — "Penny Dubay" — is the president, or holds any position specified in § 416.10. Doc. 26, Pl.'s Br. Supp. Pl.'s Opp'n, Ex. A, Certified Mail Receipt; *see Dill*, 24 Cal. App. 4th at 1438. There is no evidence that the complaint and summons were actually received by one of the persons to be served. *Id*. As the court in *Dill* notes:

> Agents are not fungible . . . . A person who is authorized to perform one function on behalf of a principal may have no authority at all regarding a different function. In particular, the fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process.

*Id*. Here, the evidence plaintiff submits does not establish that Penny Dubay represented herself as or is an authorized agent of the corporation by signing for the receipt of mail. Crayton's argument that Penny Dubay became an ostensible authorized agent by signing the mail containing the summons therefore fails. *See Pasadena Medi-Ctr. Assocs. v. Super. Ct.*, 9 Cal. 3d 773 (1973) (service on individual erroneously designated as treasurer-

---

[5] Crayton's version of the summons is inconsistent with RMC's version, which does not list "President/CEO" as an addressee. Doc. 19, Pl.'s Opp'n Def. Mot. Dismiss, Ex. 4, Copy of Summons. Construing the allegations in the light most favorable to plaintiff, Crayton's version is assumed accurate. *Newman*, 287 F.3d at 788.

secretary of corporation held proper because corporation took no steps to cure error and thus conferred ostensible authority to receive service).

Although filing of a proof of service creates a rebuttable presumption that the service was proper, "that presumption arises only if the proof of service complies with the statutory requirements regarding such proofs." *Dill*, 24 Cal. App. 4th at 1442. "[I]f service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served." Cal. Code Civ. P. § 417.20(a). To make such a showing, plaintiffs must establish "that the summons was mailed to a person or persons who may be served and the name title, or representative capacity, if any, [] of such person or persons." *Dill*, 24 Cal. App. 4th at 1442 (citations and quotations omitted).

Here, as in *Dill*, the proofs of service Crayton provides are addressed solely to the corporations rather than an individual specified in § 416.10. Doc. 8, Def.'s Mot. Dismiss, Ex. B, Copy of Envelope; *see also* Doc. 26, Pl.'s Br. Supp. Pl.'s Opp'n, **Ex. A**, Certified Mail Receipt. Crayton's proofs of service "failed to comply with the minimum statutory requirements, and no presumption of proper service ever arose" *Id*. at 1442. Because Crayton bears the burden of showing proper service, service as to RMC was improper. That RMC received actual notice of the summons and complaint, as Crayton contends, does not cure improper service. *Omni Capital Int'l*, 484 U.S. at 104.

Where service of process is insufficient, the court has the option of dismissing the action or quashing the service and

11

retaining the case. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). "Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly." *Wishart v. Agents for Int'l Monetary Fund I.R.S.*, No. 95-20178, 1995 WL 494586, at *2 (N.D. Cal. Aug. 14, 1995) (citing C. Wright & A. Miller, <u>Federal Practice and Procedure</u> (1990) § 1354, at 289; *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992) (citations omitted) ("the district court should, at most, quash service, leaving the plaintiffs free to effect proper service" in instances where a reasonable prospect of proper service exists). Here, Crayton did not properly serve his complaint and summons pursuant to California law. Because there appears to be a reasonable prospect that Crayton will serve RMC properly, Crayton's service is QUASHED.[6]

RMC's motion to dismiss for insufficient service is DENIED conditional upon Crayton perfecting service within forty five (45) days from the date this decision is served by the clerk. To perfect service, Crayton must comply with federal procedural rules pursuant to 28 U.S.C. § 1448.

---

[6] Crayton has submitted evidence of a second service made April 10, 2008. Doc. 30, Pl.'s Second Service. Under California law, there is "no rule which prohibits double service if the efficacy of one mode is in reasonable doubt." *Buckner v. Indus. Accident Comm'n*, 226 Cal. App. 2d 619, 624 (1964). Moreover, actions are subject to discretionary dismissal if the summons is not served within two years after the action is filed. Cal. Code P. § 583.420(a)(1); *compare* Fed. R. Civ. P. 4(m) (service must be made on defendant within 120 days if filing of complaint). This second service was made seven months after the complaint was filed in state court.

**B.   Did Defendant Rochester Medical Corporation Properly Remove the State Case?**

28 U.S.C. § 1446 requires that a defendant must file a notice of removal in state court "promptly" after filing notice in federal court. § 1446(d). Crayton argues that because RMC did not file a notice of removal in state court, the action was never removed. Doc. 19, Pl.'s Opp'n Def.'s Mot. Dismiss. However, RMC did file its removal papers in federal court September 7, 2007 and in state court January 11, 2008. Doc. 25-2, Decl. Stacy C. Spodick Supp. Def.'s Reply.

Courts deem untimely removal as a "procedural," not "jurisdictional," defect. *Maniar v. FDIC*, 979 F.2d 782, 784 (9th Cir. 1992). Although timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to un-timeliness by sitting on its rights. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). A party moving for remand on un-timeliness grounds must move within 30 days of filing the of notice of removal. *Maniar*, 979 F.2d at 785 (9th Cir. 1992).

Here, RMC filed its removal papers September 7, 2007. Doc. 25-2, Decl. Stacy C. Spodick Supp. Def.'s Reply. Crayton objected on January 9, 2008, more than 30 days after the removal. Doc. 19, Pl.'s Opp'n. Crayton waived the defect and is estopped from objecting to RMC's removal on un-timeliness grounds. *Fristoe*, 615 F.2d at 1212.

Crayton's motion to remand for defective removal is DENIED.

1  **C.   Did Crayton Fail to State a Claim Upon Which Relief Can Be**
2  **Granted?**

3       RMC contends Crayton's concealment claim does not satisfy
4  Rule 9(b) because (1) it fails to allege an essential element of
5  concealment and (2) it is pleaded without particularity. Doc. 8,
6  Def.'s Mot. Dismiss.

7       **1. Must Crayton Allege Privity to Sustain Concealment Claim?**

8       The common law elements of fraud are: (1) false
9  representation (or concealment or non-disclosure) of a material
10  fact; (2) *scienter*, or knowledge of falsity; (3) intent to
11  deceive and induce reliance; (4) justifiable reliance; and (5)
12  resulting damage. *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097
13  (9th Cir. 2003) (applying California law) (citations omitted);
14  *Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 291
15  (2004); 5 Witkin, California Procedure (4th ed. 1997) Pleading, §
16  668, at 123.

17       Although "nondisclosure is ordinarily not actionable unless
18  the defendant is a fiduciary with a duty to disclose," the courts
19  have held that "active concealment or suppression of facts by a
20  nonfiduciary is the equivalent of a false representation, i.e.,
21  actual fraud." 5 Witkin, California Procedure (4th ed. 2007
22  Supp.) Pleading, § 678, at 15; *Vega*, 121 Cal. App. 4th at 292.
23  "Even where no duty to disclose would otherwise exist, 'where one
24  does speak he must speak the whole truth to the end that he does
25  not conceal any facts which materially qualify those stated. One
26  who is asked for or volunteers information must be truthful, and
27  the telling of a half truth calculated to deceive is fraud.'"

28

**14**

*Vega*, 121 Cal. App. 4th at 292 (citing *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 201 (1986)).

Crayton alleges RMC deliberately actively concealed the excessive strength of the glue. Compl. ¶¶ 48-49. Crayton therefore need not allege RMC is a fiduciary with a duty to disclose suppressed fact to sufficiently allege the elements of a concealment claim. Doc. 8, Def.'s Mot. Dismiss.

    2.   <u>Did Crayton Plead Concealment Claim with Sufficient</u> <u>Particularity?</u>

Complaints alleging fraud implicate the heightened pleading standards of Rule 9(b). *Vess*, 317 F.3d at 1102. These standards "apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Id*. Rule 9(b) requires that "[in] all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," but does not demand pleading detailed evidentiary matter. Fed. R. Civ. P. 9(b). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citations omitted). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the alleged misconduct, *Vess*, 317 F.3d at 1106. "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a

15

statement, and why it is false." *Id*. "Merely making general conclusory allegations of fraud, and then reciting a list of neutral facts, is not sufficient." *Stack v. Lobo*, 903 F. Supp. 1361 (N.D. Cal. 1995) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

The complaint's (third) cause of action for fraudulent misrepresentation or concealment alleges: RMC falsely represented the strength of the catheter's glue with the intent of inducing Crayton to purchase RMC's catheter. *See* Compl. ¶ 40. As an expert in the manufacture of catheters, RMC knew about the glue's excessive strength. *See Id*. ¶ 42. Crayton relied on RMC's expertise. *Id*. ¶ 45. RMC deliberately concealed the glue's excessive strength by omitting any warning on the catheter's instructions or packaging and by representing it as merely "self-adhering." *Id*. ¶¶ 48-49. Crayton did not know, and had no reason to suspect, that the glue would be excessively strong. *Id*. ¶ 5. As a result of RMC's concealment, Crayton's skin and pubic hair tore off. *Id*. ¶¶ 29, 38.

In *Vess*, a patient brought a diversity class action against psychiatric associations and pharmaceutical manufacturers alleging defendants fraudulently conspired to illegally increase sales of prescription drugs. 317 F.3d at 1100. However, the complaint alleges does not provide the "particulars of when, where, or how the alleged conspiracy occurred," alleged that defendants received financial contributions but offered "scant specifics as to when or between whom the money changed hands," alleged defendants fraudulently advertised a drug that failed diagnostic criteria but did not indicate which criteria the drug

failed or how it failed it, and alleged defendants concealed their fraud by improperly clustering data but did not support the allegation with details such as names of conditions. *Id*. at 1106-07. Moreover, the complaint asserted defendants fraudulently attempted to increase sales of drugs without explaining how they did so and without identifying any "specific 'misinformation' distributed." *Id*. at 1108. Such conclusory statements were "not specific enough to give [defendants] notice of the particular misconduct . . . so that [they] can defend against the charge and not just deny that [they have] done anything wrong." *Id*. at 1108.

Here, Crayton specifically alleges that the "ULTRAFLEX Silicone self-adhering male external catheter, U.S. Patent No. 5,176,666 and No. 5,376,085" conceals the excessive strength of the glue because RMC describes the condom as "self-adhering" when in fact the condom glues onto the penis. Compl. ¶ 48. However, Crayton does not explain with particularity which instructions are fraudulent by not, for example, attaching an exhibit containing a facsimile of the allegedly fraudulent instructions and packaging or describing the fraudulent packaging in haec verba. This leaves unanswered which specific documents, if any, contain or omit the alleged fraudulent representations. Moreover, Crayton does not explain with particularity where and when he acquired the catheter. The complaint is "not specific enough to give [defendants] notice of the particular misconduct . . . so that [they] can defend against the charge and not just deny that [it has] done anything wrong." *Id*. at 1108.

RMC's motion to dismiss the fraudulent misrepresentation claim is GRANTED with leave to amend. Crayton must plead a short

17

and plain statement of the claim with each averment of the pleading simple, concise, and direct as required Rule 8. Fed. R. Civ. P. 8(a)(2), (d)(1).

**D.   Should Crayton's Punitive Damages Request Be Stricken?**

Under California law, where a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice," the court may award punitive damages. *See* Cal. Civ. Code § 3294. "Malice" is defined as "conduct which is intended to cause injury to the plaintiff" or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* § 3294(c)(2).

RMC argues that all Crayton has alleged is that the catheter is defective, was used "unsuspectingly," and that its "character, quality, and fit safe use" were misrepresented. Doc. 8, Def.'s Mot. Dismiss 9. RMC argues this does not plead specific facts that demonstrate RMC acted egregiously or with evil motive, and Crayton has therefore failed to present facts that entitle him to punitive damages. *Id.*

Fed. R. Civ. P. Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." A motion to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D.

Cal. 1991). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). However, motions to strike are disfavored and infrequently granted. *See Pease & Curran Refining, Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), *abrogated on other grounds by Stanton Rd. Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993). Such motions should be granted only where it can be shown that none of the evidence in support of an allegation is admissible. *See id.*

RMC's position that plaintiff's request for punitive damages should be stricken because it fails to plead specific facts showing plaintiff acted egregiously or with evil motive is incorrect. Doc. 8, Def.'s Mot. Dismiss 9. Although in diversity cases federal courts must apply state substantive law, the federal courts must apply federal procedural rules. *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018-19 (S.D. Cal. 2000). Where state law conflicts with federal procedural rules, federal procedural rules control:

> Although [California law] provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure . . . . Specifically, Rule 8(a) requires only that Plaintiff's Complaint include "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief, and . . . a demand for judgment for the relief [Plaintiff] seeks." Fed. R. Civ. P. 8(a). The second sentence of Rule 9(b) further provides that "[m]alice, intent, knowledge, and other conditions of

mind of a person may be averred generally." Fed. R.
Civ. P. 9(b). As interpreted by the Ninth Circuit, this
provision "does not require 'any particularity in
connection with an averment of intent, knowledge or
condition of the mind.'". . . Rules 8(a) and 9(b)
therefore preclude district courts from applying a
heightened pleading for allegations of malice or
fraudulent intent . . . . In federal court, a plaintiff
may include a "short and plain" prayer for punitive
damages that relies entirely on unsupported and
conclusory averments of malice or fraudulent intent.

Indeed, several federal district courts in
California . . . have upheld conclusory assertions that
a defendant acted intentionally, with 'malice,' or with
'conscious disregard' as adequate to plead the mental
state required under [California law] . . . . Thus,
Plaintiff need not plead evidentiary facts to support
his contention that Allstate had the mental state
required to impose punitive damages under [California
law].

*Allstate Ins. Co.,* 106 F. Supp. 2d at 1018-19 (citations

omitted).

Here, Crayton's complaint contends that RMC's alleged

conduct and omissions were "cruel, egregiously malicious and

fraudulent, posing a threat of foreseeable injury to [users] who

may use [the catheter] unsuspectingly" and were committed in

conscious disregard of plaintiff's safety. Compl. ¶ 58. These

allegations present "a 'short and plain' prayer for punitive

damages that relies entirely on unsupported and conclusory

averments of malice or fraudulent intent." *Allstate*, 106 F. Supp

2d at 1019.[7] Since Crayton provides no other basis for punitive

---

[7] The uncitable opinion *Sanchez v. J.C. Penney* is
instructive. No. 04-670, 2007 WL 2221043, at *2 (E.D. Cal. July
30, 2007). There, the complaint alleged that defendant was
negligent in allowing its floor to be in a state of disrepair,
which negligence caused plaintiff severe injuries when she fell
where a tile was broken and missing. *Id.* at *1. Plaintiffs sought
punitive damages, alleging defendant "knew . . . the dangerous
condition of the floor [and] that customers and employees could
not safely walk across the floor," but nevertheless "in willful

damages besides fraud, Crayton must state a sufficient fraud claim to pleade punitive damages. RMC's motion to strike punitive damages is DENIED, only on the condition a sufficient fraud claim be stated. If the fraud claim is not amended, the motion to strike is GRANTED WITH LEAVE TO AMEND.

CONCLUSION

For all the reasons stated above,

(1) Defendant's Motion to Dismiss for failure to serve by process pursuant to Rule 12(b)(5) is DENIED conditional upon Plaintiff effectuating service within forty five (45) days from the date this decision is served by the clerk. Plaintiff Crayton must comply by federal procedural rules pursuant to 28 U.S.C. § 1448.

(2) Defendant's Motion to Dismiss Plaintiff's fraudulent misrepresentation claim pursuant to Rule 12(b)(6) is GRANTED with leave to amend. Plaintiff must plead a short and plain statement of the claim with each averment of the pleading simple, concise, and direct as required by Fed. R. Civ. P. 8(a)(2) and (d)(1).

(3) Defendant's Motion to Strike Punitive Damages pursuant to Rule 12(f) is DENIED on the condition a sufficient fraud claim be stated.  If no amendment is made, the motion is GRANTED WITH LEAVE TO AMEND.

---

and conscious disregard to the safety of the public, failed to warn, repair, or make safe the dangerous condition of the floor." *Id.* Applying Rule 8's pleading requirements, the district court held that plaintiff's complaint sufficiently alleged conduct from which punitive damages could be awarded and denied defendant's motion to strike the prayer for punitive and exemplary damages. *Id.* at *4.

**(4) Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1446(b) is DENIED. Defendant shall submit an order consistent with this decision, within five (5) days following service by the clerk of the court of this decision.**

IT IS SO ORDERED.

**Dated:     August 8, 2008              /s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE