IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON, | CASE NO. 07-cv-1318 OWW GSA |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| vs. | |
| ROCHESTER MEDICAL CORP., | [Doc. 48] |
| Defendant. | |

Plaintiff, Timothy Crayton ("Plaintiff"), is a state prisoner proceeding pro se in a civil action. This action is proceeding against Defendant Rochester Medical Corporation on Plaintiff's Amended Complaint, filed on September 10, 2008. On December 5, 2008, Plaintiff filed a Motion for Temporary Restraining Order requesting that prison officials return of his legal property, his ADA accommodation word processor, and other supplies. The court construes Plaintiff's Motion for Temporary Restraining order as a Motion for Preliminary Injunction.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United

1  States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding
2  scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d
3  at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a
4  significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparability,
5  the court need not reach the issue of likelihood of success on the merits.  Id.

6       In his motion, Plaintiff states that he was attempting to file a mandatory scheduling report as
7  previously ordered by this court.  However, prison officials confiscated the document and other legal
8  materials when he was placed in administrative segregation.   Plaintiff requests that the court order
9  that prison officials give him access to his legal materials and other property.

10       Plaintiff's Amended Complaint contains causes of action involving strict products liability in
11  which Plaintiff alleges that the Defendant manufactured and distributed a defective condom catheter
12  product.  Thus, plaintiff's Amended Complaint does not contain a cause of action related to the
13  permanent injunctive relief requested.  Because the federal court is a court of limited jurisdiction, as
14  a threshold matter, the court must have before it a case or controversy.  Flast v. Cohen, 392 U.S. 83,
15  88 (1968).  Absent such a case or controversy, the court has no power to hear the matter.  Rivera v.
16  Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

17       Since the Amended Complaint in this case does not contain allegations raising issues similar
18  to those presented in the instant motion, there is no controversy present with respect to such issues
19  and, as a result, the court cannot address either the likelihood of success on the merits or whether
20  there are serious questions going to the merits of Plaintiff's claims.   Moreover, the court has been
21  advised by prison officials that Plaintiff is no longer in administrative segregation so the motion
22  appears to be moot. Although Plaintiff's motion will not be granted, the court will allow Plaintiff
23  additional time to file his scheduling conference report.  Plaintiff is advised that the report does not
24  need to be typed and the contents of the report shall comply with those outlined in Exhibit A of this
25  court's order setting mandatory scheduling conference issued on September 10, 2007.

26       Accordingly, based on the foregoing, it is HEREBY ORDERED :

27       1)  Plaintiff's Motion for Temporary Restraining Order requesting that prison officials return
28  his property filed December 5, 2008 is DENIED;

2) Plaintiff shall file the scheduling report s previously directed by this court no later than December 31, 2008;

3) The Clerk of the Court shall send Plaintiff a copy of this order as well as this court's order setting mandatory scheduling conference issued on September 10, 2007. (Doc. 7).

IT IS SO ORDERED.

**Dated:   December 16, 2008**            /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE