UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON, | 1:07-cv-1318 OWW GSA |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 11/16/09 |
| ROCHESTER MEDICAL CORPORATION, a Minnesota corporation, | Non-Dispositive Motion Filing Deadline: 12/1/09 |
| Defendant. | Dispositive Motion Filing Deadline: 1/8/10 |
| | Settlement Conference Date: 11/18/09 10:00 Ctrm. 10 |
| | Pre-Trial Conference Date: 4/12/10 11:00 Ctrm. 3 |
| | Trial Date: 5/25/10 9:00 Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

   March 27, 2009.

II.  Appearances Of Counsel.

   Plaintiff appeared in pro se.

   Lewis Brisbois Bisgaard & Smith LLP by Stacy C. Spodick, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

   1.   This matter arises from allegations that Plaintiff was

1

injured when he used an Ultraflex Silicone Self-Adhering Male External Catheter ("the product"), manufactured by RMC. Plaintiff asserts causes of action for strict liability, negligent products liability, fraudulent misrepresentations, and breach of implied warranty of fitness. Plaintiff also asserts a claim for punitive damages.

2. Plaintiff alleges he is a wheelchair paralytic who is an inmate at Kern Valley State Prison. On March 20, 2006, Plaintiff allegedly used RMC's Ultraflex Silicone Self-Adhering Male External Catheter. Plaintiff alleges that the product is "inherently defective and dangerous because the glue of the condom is unnecessarily excessively strong and bonds to the length of the penis. . . ." Plaintiff contends that the product did not roll off as depicted on the package, but instead "tore off" skin and pubic hair. Plaintiff alleges that the information given on the product's package "encourages and falsely deceived the user to believe that after unrolling the glue-on condom onto the user's penis shaft the condom can be removed without difficulty and pain by simply rolling the glued on condom off the penis shaft." As a result of Plaintiff's alleged difficulty removing the condom, he claims he suffered injuries.

3. Plaintiff initially filed his complaint in the Superior Court of California, Bakersfield, on June 14, 2007. RMC timely removed the case to this court on September 7, 2007, on the basis of diversity jurisdiction.

4. On or about October 22, 2008, RMC filed a Request Re Setting of Mandatory Scheduling Conference, requesting that the parties be allowed to file individual Scheduling Reports. This

request was granted by the Court on or about November 6, 2008.

IV. Orders Re Amendments To Pleadings.

    1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1. Plaintiff is a resident of the Eastern District of California and is currently incarcerated.

        2. Defendant Rochester Medical Corporation is a Minnesota corporation doing business in the Eastern District of California.

    B. Contested Facts.

        1. All remaining facts are contested.

VI. Legal Issues.

    A. Uncontested.

        1. Jurisdiction exists under 28 U.S.C. § 1332(a)(1). The Defendant John Doe Distributor has been dismissed without prejudice.

        2. Venue is proper under 28 U.S.C. § 1391.

        3. The substantive law of the State of California provides the rule of decision in this diversity action.

    B. Contested.

        1. All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

///

VIII.   Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

   1.   Rule 26(a)(1)(B) provides that a proceeding is exempt from initial disclosures if it is "(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision...."  That exemption appears to be applicable here as this defendant is informed that Plaintiff is a convicted felon, who is representing himself, and is incarcerated at Kern Valley State Prison.  Additionally, it is questionable whether he would likely comply with the spirit and letter of Rule 26(a) disclosures given his history of complaining that he cannot comply with the normal rules and orders (because, he asserts, the prison does not give him access to things he needs), and he reportedly is a frequent litigant (RMC's counsel has been informed by the prison that Plaintiff has filed over 25 civil suits).  Accordingly, it is doubtful that imposing Rule 26(a)(1) initial disclosure requirements on this case would be an effective, efficient and even-handed method for discovery.  If the court believes Rule 26(a) disclosures are appropriate in this context, RMC suggests that disclosures be ordered to occur at least 30 days after notice to the parties that the court will

impose those requirements here.

    2.    Defendant suggests the court initially require Plaintiff to disclose, within 30 days of the court's order: (1) the existence of testing (if any) or admit the non-existence of testing (if none) to support Plaintiff's allegations that "the glue of the condom is unnecessarily excessively strong and bonds to the length of the penis. . .;" (2) whether the allegedly defective product has been retained and, if so, the identity of the person in possession of it; (3) the identity of any witness(es) who can testify regarding the extent of injury (if any) caused by this Defendant's product; (4) the title, case number and court the action was filed with, of any other action filed by Plaintiff where he alleged personal injury and the nature of the injury he claimed in those other suits.

    3.    If the initial disclosures do not allow for disposition of the suit, RMC anticipates that once discovery is allowed, it will propound interrogatories to Plaintiff, subpoena his medical records, and will seek to take oral depositions of medical personnel (if any) who were involved in providing care and treatment to Plaintiff concerning his alleged injuries and/or for other conditions at or about the approximate time as the event giving rise to this suit is alleged to have occurred. If the allegedly defective product has been retained, Defendant will likely want to examine and possibly test it.

    4.    If Plaintiff identifies other inmates as witnesses, this will present special challenges as to an efficient method for learning what first-hand knowledge, if any, any other inmate has that is relevant to these proceedings.

5. In addition to addressing standard liability, causation and damage issues, Defendant also anticipates discovery to confirm the information it has obtained from the prison officials that Plaintiff is a frequent litigant and to explore whether he should be deemed to be a vexatious litigant and to discover what claims of personal injury and damage, and/or psychological injury or damage, he has claimed in other litigation.

6. Defendant proposes that non-expert discovery should commence as soon as Plaintiff makes any court ordered initial disclosures and remain open until September 1, 2009.

7. Defendant proposes that disclosure of expert witness testimony should proceed in accordance with the requirements of Rule 26(a)(2) with expert disclosures to occur 30 days after the closing of non-expert discovery with expert discovery (including depositions of disclosed experts) to remain open until 60 days after the date fixed for expert disclosures.

8. The parties shall make their initial disclosures on or before May 30, 2009.

9. The parties are ordered to complete all non-expert discovery on or before September 1, 2009.

10. The parties are directed to disclose all expert witnesses, in writing, on or before September 15, 2009. Any rebuttal or supplemental expert disclosures will be made on or before October 15, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

11.  The parties are ordered to complete all discovery, including experts, on or before November 16, 2009.

12.  The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

1.  All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 1, 2009, and heard on January 11, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

2.  In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.  All Dispositive Pre-Trial Motions are to be filed no later than January 8, 2010, and will be heard on March 8, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

///

XI. Pre-Trial Conference Date.
    1.   April 12, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.
    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).
    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.
    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII. Trial Date.
    1.   May 25, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.
    2.   This is a jury trial.
    3.   Counsels' Estimate Of Trial Time:
        a.   5 days.
    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.
    1.   A Settlement Conference is scheduled for November 18,

2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.   The Confidential Settlement Conference Statement shall include the following:
             a.   A brief statement of the facts of the case.
             b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
             c.   A summary of the proceedings to date.
             d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.
             e.   The relief sought.
             f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.
    1.   The issue of the amount of punitive damages, if any, shall be tried in a second phase before the same jury in a continuous trial.

XVI. Related Matters Pending.
    1.   There are no related matters.

XVII.   Compliance With Federal Procedure.
    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed

to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __March 27, 2009__   　　　　　　　　__/s/ Oliver W. Wanger__
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE