**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Jon Kardassakis, SBN 90602
    E-mail: kardassakis@lbbslaw.com
Stacy C. Spodick, SBN 210181
    E-mail: spodick@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant ROCHESTER MEDICAL CORPORATION, a Minnesota corporation

FILED
SEP 14 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>            Plaintiff,<br><br>    v.<br><br>ROCHESTER MEDICAL CORPORATION, a Minnesota corporation; and JOHN DOE DISTRIBUTOR,<br><br>            Defendants. | CASE NO. 1:07 CV-1318-OWW-GSA<br><br>The Hon. Oliver W. Wanger<br>[Courtroom 3]<br><br>Magistrate Judge Gary S. Austin<br>[Courtroom 10]<br><br>ACTION FILED:  June 14, 2007<br>TRIAL:         May 25, 2010<br><br>**DEFENDANT ROCHESTER MEDICAL CORPORATION'S *EX PARTE* APPLICATION FOR AMENDMENT TO SCHEDULING CONFERENCE ORDER** |

Defendant ROCHESTER MEDICAL CORPORATION ("ROCM" or "Defendant") pursuant Local Rule 6-144 (c) and (d), hereby applies *ex parte* for an order: (1) amending the non-expert discovery cut-off, set forth in the court's Scheduling Conference Order ("Order"), dated March 27, 2009, from September 1, 2009 up through and including September 15, 2009.

Due to the incarceration of the Plaintiff, Timothy Crayton, at Kern Valley State Prison, defense counsel does not have immediate access to him and/or an ability to communicate directly with him, other than via U.S. Mail. In light of the

1  immediacy of the relief requested the Defendant did not have time to meet and
2  confer, through this method of communication, in order to ascertain whether or not
3  the Plaintiff has an objection to the Defendant's request herein. Defense counsel, did
4  however, fax notice of this Application to the prison's Litigation Coordinator, Mr.
5  Will Adams, on August 26, 2009, with a request that the same be forwarded to Mr.
6  Crayton as soon as possible. (Spodick Decl. ¶2.)

7  Defendant has not sought or obtained any previous extensions of time.
8  (Spodick Decl.¶3.)

9  Such an extension is timely and good cause exists for *ex parte* relief because:

10  (a)  As aforementioned, the plaintiff, Timothy Crayton ("Plaintiff") is
11  incarcerated at Kern Valley State Prison ("Prison"), and Defendant has been advised
12  by Sally Mendoza, the Office Technician for the prison's Litigation Coordinator, that
13  receipt of a second security clearance[1], necessary to enter the prison, would not
14  likely be possible before September 1, 2009. (Spodick Decl. ¶ 4.)

15  Defendant has been engaged in written discovery, including the
16  subpoenaing of Plaintiff's medical records from the prison, since early June of 2009.
17  Defendant also subpoenaed the prison's records regarding the purchase and
18  subsequent distribution of male external catheters to its inmates, in an attempt to
19  identify the lot number, as well as the distributor, of the product Plaintiff alleges
20  caused him injury. Per the request of Mr. Will Adams, the prison's Litigation
21  Coordinator, the subpoenas for the Plaintiff's records, as well as the prison's records,
22  were not only served on the prison's litigation office, but also on the prison's
23  counsel, Martin Dodd, Esq, of Futterman Dupree Dodd Croley Maier. Counsel for
24  Defendant was advised that before responsive documents could be served regarding
25  the subpoenas, prison counsel would have to review the same, and thereafter either
26  approve the release of the documents or object to their production. As such, courtesy

27

28  [1]Defendant initially obtained security clearance to enter Kern Valley State Prison, regarding this case in early to mid 2008.

4823-2631-1940.1                       Page -2-
DEFENDANT ROCHESTER MEDICAL CORPORATION'S REQUEST FOR AMENDMENT TO SCHEDULING ORDER

1  copies of the aforementioned subpoenas were sent to Mr. Dodd, on or about June 10,
2  2009. Service of documents responsive to the Defendant's subpoenas did not begin
3  until August 5, 2009. As of August 18, 2009, the Defendant was still receiving
4  documents and information responsive to its subpoenas. (Spodick Decl. ¶ 5.)

5       As soon as possible, following the Defendant's receipt and review of the
6  records it had received, defense counsel attempted to notice the deposition of the
7  Plaintiff, as well as Persons Most Knowledgeable on behalf of the Prison, to go
8  forward on August 28, 2009 or September 1, 2009, in order to comply with the
9  scheduling deadlines set forth in the Order for this case. However, in attempting to
10 coordinate these dates with the Prison, defense counsel was advised by Ms.
11 Mendoza, that in addition to the requirement of obtaining security clearance to enter
12 the Prison, there are additional procedural obstacles to noticing the proceeding that
13 are beyond the defense counsel's control. These issues include unanticipated delays
14 in getting the aforementioned security clearance, now that mandatory furlough days
15 are in effect for prison faculty. Additionally, the Prison's conference room from
16 which the deposition must take place, as well as the necessary prison security, are not
17 available on August 28, 2009.[2] Additionally, the Defendant has been advised that
18 fees for security during the deposition must be paid directly to the Prison, at least
19 two-weeks in advance of any deposition proceeding. (Spodick Decl. ¶ 6.)

20      After coordinating schedules with the Prison litigation department, defense
21 counsel has been advised that the deposition of the Plaintiff can go forward on
22 September 9, 2009, with the approval of the Court requested herein. (Defendant is
23 still waiting to hear if the Persons Most Knowledgeable on behalf of the prison will
24 also be available on this date.) (Spodick Decl. ¶ 7.)
25 ///
26
27
28    [2] The conference room and prison security were available for September 1, 2009, however Ms. Mendoza was doubtful that the security clearance could be obtained by this date.

4823-2631-1940.1                                      Page -3-
DEFENDANT ROCHESTER MEDICAL CORPORATION'S REQUEST FOR AMENDMENT TO SCHEDULING ORDER

In light of the foregoing unforeseen circumstances experienced in their defense of this case, the Defendant respectfully requests that the Order be amended solely to allow for the deposition of: (1) Plaintiff, Timothy Crayton; and (2) the Persons Most Knowledgeable on behalf of Kern Valley State Prison, to go forward up through and including September 15, 2009.

It is respectfully submitted.

DATED: August 27, 2009        LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
   Jon P. Kardassakis
   Stacy C. Spodick
   Attorneys for Defendant ROCHESTER
   MEDICAL CORPORATION, a Minnesota
   corporation

## ORDER

Having considered Defendant's *ex parte* application for an extension of the non-expert discovery cut-off date, solely as to the depositions of: (1) Timothy Crayton; and (2) Persons Most Knowledgeable on behalf of Kern Valley State Prison, and finding good cause therefor,

IT IS HEREBY ORDERED that Defendant have to and including September 25, 2009, by which to complete said non-expert discovery.

DATED: September 9, 2009        _____
                                United States District Judge

# FEDERAL COURT PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 27, 2009, I served the following document(s): **DEFENDANT ROCHESTER MEDICAL CORPORATION'S *EX PARTE APPLICATION* FOR AMENDMENT TO SCHEDULING CONFERENCE ORDER.** I served the documents on the following persons at the following addresses on the attached service list (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

[X]  (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]  (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 27, 2009, at Los Angeles, California.

*Antoinette T. Muriel*
Antoinette T. Muriel

4823-2631-1940.1

Page -5-

DEFENDANT ROCHESTER MEDICAL CORPORATION'S REQUEST FOR AMENDMENT TO SCHEDULING ORDER

# SERVICE LIST
*Timothy Crayton v. Rochester Medical Corporation, et al.*

Timothy Crayton　　　　　　　　　　　*Plaintiff In Pro Per*
PO7736
D1-122
Kern Valley State Prison
P.O. Box 5103
DeLano, CA 93216

William Adams　　　　　　　　　　　*Litigations Coordinator*
Kern Valley State Prison
P.O. Box 6000
Delano, California 93261
Fax: 661.721.6306