IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON, | CASE NO. 07-cv-1318 OWW GSA |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO TOLL |
| vs. | DATES IN THE SCHEDULING CONFERENCE ORDER |
| ROCHESTER MEDICAL CORP. et al, | ORDER MODIFYING DATES IN THE SCHEDULING ORDER IN PART |
| Defendant. | |
| _____/ | (Doc. 89) |

    Plaintiff, Timothy Crayton ("Plaintiff"), is a state prisoner proceeding pro se in a civil action against Rochester Medical Corporation Inc., ("Defendant"). On December 9, 2009, Plaintiff filed a letter addressed to the undersigned. In the letter, Plaintiff states, " that there has been a continuing confiscation my ADA accommodation typing supplies." Letter dated November 27, 2009 at pg. 1. Plaintiff indicates that as a result, he has been impeded from filing his Motion for Summary Judgment and other important Pre-Trial Motions prior to the scheduling order deadline. Plaintiff requests that this Court take judicial notice of his circumstances and toll the dates in the scheduling order to allow Plaintiff to file his Pretrial Motions until he can obtain his typing supplies from prison staff.

    Fed.R.Civ.P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish

1

deadlines for, among other things, "to file motions" and "to complete discovery." Modifications of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607 (9th Cir. 1992)). In Johnson v. Mammoth Recreations Inc., the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end. Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609.

Here, Plaintiff alleges that his typewriter has been confiscated. In the letter, he refers to a document as an attachment, however, he did not file the document with the court. While Plaintiff requests that the scheduling order be tolled, his request is overbroad and unclear. Plaintiff indicates that he is unable to finish a Motion for Summary Judgment as well as other Pre-Trial motions. It is not clear what Pre-Trial motions Plaintiff is referring to, nor is it clear why Plaintiff cannot file the Motion for Summary Judgment which is currently scheduled to be filed on January 8, 2010. Additionally, Plaintiff has been told previously that his pleadings need not be typed, and he can file pleadings in writing. (Doc. 49). Therefore, Plaintiff has not established good cause to toll the dates in the scheduling order and his request is DENIED.

Notwithstanding the above, the Court notes that there are three motions pending before the Court that may effect the filing of dispositive motions. These include the following :

1) Defendant's Motion to Quash Plaintiff's Subpoena filed on November 12, 2009 (Doc. 68);

2) Plaintiff's Motion to Compel filed November 9, 2009 (Doc. 65); and

3) Defendant's Motion to Compel filed on November 30, 2009 (Doc.78).

The parties have fully briefed Defendant's Motion to Quash (Doc. 68). The Court deems this matter submitted. No modification of the briefing schedule is needed.

Plaintiff's Opposition to Defendant's Motion to Compel filed on November 30, 2009 (Doc.

1  78) is currently due on **December 30, 2009.** Defendant's Reply is due on January 8, 2010. (Doc.
2  87). **These deadlines will not be modified**.

3  Plaintiff's Reply to Defendant's Opposition to his Motion to Compel is currently due
4  **December 18, 2009.** (Docs. 65 and 73). Given the passage of time between the mailing and filing
5  of Plaintiff's letter and difficulties communicating with the Plaintiff because of his incarceration, the
6  Court will extend the filing deadline for his reply to Defendant's Opposition to Plaintiff's Motion to
7  Compel. Plaintiff shall file any Reply to Defendant's Opposition no later than **December 30, 2009**.

8  Due to the Pending Motions, the Court will also extend the deadline for the filing of
9  Dispositive Motions from **January 8, 2010** until **February 19, 2010.** All other dates and orders
10 contained in the Scheduling Order dated March 30, 2009 remain in effect. The parties are advised
11 that the deadline for filing non-dispositive motions which was set scheduled for December 1, 2009,
12 will not be extended.

13 In summary, IT IS HEREBY ORDERED:

14 1) Defendant's Motion to Quash Plaintiff's Subpoena filed on November 12, 2009 (Doc. 68)
15 is deemed submitted. The hearing scheduled for January 15, 2010 at 9:30 am regarding this motion
16 is VACATED pursuant to Local Rule 78 230 (h) and (m);

17 2) Plaintiff's Opposition to Defendant's Motion to Compel filed on November 30, 2009
18 (Docs. 78) is currently due on **December 30, 2009.** Defendant's Reply is due on **January 8, 2010.**
19 Both of these deadlines remain in effect as originally ordered (Doc. 87);

20 3) Plaintiff may file a Reply to Defendant's Opposition to Plaintiff's Motion to Compel
21 (Doc. 65) no later than **December 30, 2009**;

22 4) The deadline for the filing of dispositive motions will be extended from **January 8, 2010**
23 until **February 19, 2010**;

24 5) All other dates and orders contained in the Scheduling Order dated March 30, 2009 remain
25 in effect.

26

27 IT IS SO ORDERED.

28 Dated:   **December 17, 2009**              /s/ **Gary S. Austin**

3

UNITED STATES MAGISTRATE JUDGE