# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON ) | 1:07-CV-1318 OWW GSA |
| ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| Plaintiff, ) | MOTION TO COMPEL IN PART |
| ) | |
| v. ) | |
| ) | |
| ROCHESTER MEDICAL ) | (Document 78) |
| CORPORATION, a Minnesota corporation ) | |
| and JOHN DOE DISTRIBUTOR, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**I. Introduction**

On November 30, 2009, Defendant, Rochester Medical Corporation ("Defendant" or "ROCM") filed a Motion to Compel.  Plaintiff filed an opposition on  ("Plaintiff") on January 6, 2010. (Doc. 94).  Defendant filed a Reply on January 8, 2010.  (Doc. 95).  Upon a review of all of the pleadings, Defendant's Motion to Compel is GRANTED IN PART.

**II. Relevant Background**

Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison.  The matter arises from Plaintiff's allegations that he was injured when he used an Ultraflex Silicone

1

Self-Adhering Male External Catheter ("Ultraflex Catheter") manufactured by Defendant. In an Amended Complaint filed on September 10, 2008, Plaintiff alleges causes of action for strict products liability, negligent products liability, fraudulent misrepresentations, and breach of implied warranty of fitness. (Doc. 34).

A scheduling conference was held on March 27, 2009. (Doc. 50). On March 30, 2009, the Court issued a scheduling order requiring that non-expert discovery be completed no later than September 1, 2009. (Doc. 55). Pursuant to Defendant's ex parte request, on September 14, 2009, the Court issued an order extending the non-expert discovery deadline for Defendant until September 20, 2009. (Docs. 59, 62). On September 23, 2009, the Court also extended Plaintiff's non-expert discovery deadline until September 25, 2009. (Doc. 61, 64).

On December 9, 2009, after Defendant's filed the instant motion, Plaintiff filed a request to toll the dates in the scheduling conference order, as well as to extend the filing deadline for various pre-trial motions because he was having difficulties obtaining his typewriter from prison officials. (Doc. 89). The Court denied Plaintiff's request on the basis that the request was over broad and that Plaintiff did not establish good cause for the request. Notwithstanding, the Court did extend Plaintiff's deadline for filing an opposition to the instant motion from December 18, 2009, until December 30, 2009. (Doc. 91).

**III.   Defendant's Motion to Compel**

Defendant's motion seeks to compel discovery responses to Request for Production of Document Request ("POD") Numbers 1 and 4.[1] POD No. 1 requested that Plaintiff produce the Ultraflex catheter that allegedly caused his injuries. POD No. 4 requested any all packaging and usage instructions that accompanied the catheter.

**IV.  Discussion**

    **A.     The Scope of Discovery**

Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, non privileged, that is relevant to any party's claim or defense, including the existence,

---

[1] These requests were timely made on June 12, 2009.

2

>description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
>Id.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action.  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990)*.

Defendant argues that the information is relevant because it should be allowed to inspect the product to determine if: 1) it manufactured the product at issue, 2) whether Plaintiff actually used the product, 3) whether Plaintiff modified the product, and 4) whether Plaintiff followed the instructions provided with the product.  Defendant alleges that Plaintiff initially indicated that the requested items were not in his possession but that they had been unlawfully confiscated by prison authorities.  However, Plaintiff expected to receive the items pursuant to a court order in a pending state case which required prison officials to deliver all of Plaintiff's personal property by August 2009.  Defendant contends that do date, Plaintiff failed to deliver the items.  Defendant argues that Plaintiff shall either provide the items, supplement his response to state who has the requested information, or state that the requested information has been lost, stolen, or destroyed.

In opposition to the motion, Plaintiff contends that the Ultraflex product packaging was produced at a settlement conference and a copy of the packaging is attached to his Motion for Summary Judgment.  However, the Ultraflex catheter in question remains unlawfully confiscated by prison officials.[2]  Plaintiff requests this Court issue an order to compel the warden of the Kern

---

[2] Plaintiff alleges that prison authorities have confiscated his materials as part of an "ongoing retaliation scam contrived to obtain dismissal of Plaintiff's RICO ACT civil Racketeering lawsuit pending against the corrupt "Greenwall" prison guard gang."  Plaintiff's opposition at pg. 2.

3

1  Valley State Prison to return all of Plaintiff's boxes which includes relevant case files, legal
2  supplies, his typewriter, and the catheter.
3      In reply, Defendant argues that Plaintiff's opposition was untimely and that it should not
4  be considered.  Defendant also argues that Plaintiff shall either produce the catheter in its original
5  packaging, or in the alternative, be precluded from producing the product at trial.
6      **B. Ruling**
7      As noted above, "[p]arties may obtain discovery regarding any nonprivileged matter that
8  is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at
9  the trial if the discovery appears reasonably calculated to lead to the discovery of admissible
10 evidence."  Fed. R. Civ. P. 26(b)(1).   For document production requests, responding parties must
11 produce documents which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).
12 "Property is deemed within a party's 'possession, custody, or control' if the party has actual
13 possession, custody, or control thereof or the legal right to obtain the property on demand."
14 Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30,
15 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)).
16     Here, Plaintiff contends that he has given the product packaging to Defendant at the
17 settlement conference.  However, it appears from the pleadings that Defendant still does not have
18 the packaging.  Therefore, if Plaintiff has the packaging and the accompanying usage
19 instructions, he shall produce them for Defendant's inspection within 10 days of this order.
20     Additionally, because the catheter is not in Plaintiff's possession, custody, or control,
21 Defendant's motion to compel production of the catheter is denied.  However, Plaintiff appears
22 to know where the product is, and may have information related to which prison officials need to
23 be contacted to obtain the product.  Therefore, Plaintiff shall provide this information to
24 Defendant so that Defendant can obtain the item through the appropriate discovery devices if it is
25 inclined to do so.  This Court denies Defendant's request to exclude the product from evidence at
26 trial as this is a decision left to the discretion of the judge at the trial.
27     The Court will not consider Plaintiff's request for an order compelling Warden
28 Harrington of Kern Valley State Prison to return Plaintiff's boxes of case file records, evidence,

4

law books, and ADA typing supplies.  First, Plaintiff's opposition was untimely.  Second, even if the Court were to consider the opposition, requesting an order to compel in response to Defendant's motion is not the proper procedure.  The deadline for filing non-dispositive motions was December 1, 2009.  (Doc. 91).  The Court will not permit Plaintiff to circumvent the non-dispositive filing deadline in this manner.  Third, this Court is unable to issue an order to compel the warden of Kern Valley State Prison to produce the catheter because the warden is not a party to this action.  A motion to compel is not the appropriate discovery device to obtain this information.

Finally, in Plaintiff's previous request for preliminary injunction, Plaintiff requested that his legal supplies and typewriter be returned to him because they had be taken away due to his confinement in administrative segregation. (Doc. 48).  This is a different allegation than what is presented here. (Doc. 48).  As previously explained to Plaintiff, the Court denied Plaintiff's previous request because it did not have jurisdiction to issue a preliminary injunction.  Specifically, Plaintiff's Amended Complaint contains causes of action involving strict products liability that did not relate to the alleged unlawful confiscation of his property.  (Doc. 49).

**V.     Conclusion**

Based on the above, Defendant's Motion to Compel is GRANTED IN PART.  Plaintiff shall respond to Defendant's Request for Production of Documents Nos. 1 and 4 as outlined in this order.  Specifically, Plaintiff shall produce the product packaging and the accompanying instructions, if they are still in his possession.  Plaintiff shall also disclose the contact information of prison officials who may know where the catheter is located and has authority to produce the product.  Plaintiff shall comply with this order within ten days, calculated from the date of this order.

The Court will extend the non-expert discovery deadline for the limited purpose of allowing the parties to utilize the appropriate discovery devices to obtain the product and packaging.  However, any discovery related to obtaining the product and its packaging shall be completed no later than **March 31, 2010.**  The parties are advised that due to the pending discovery issues, the pre-trial conference date and the trial date have been vacated in an order

1  issued contemporaneously hereto. The deadline for filing dispositive motions is re-set to **May 1,**
2  **2010.** The Court will re-set the pre-trial conference date and the trial date once the dispositive
3  motions are completed.

5     IT IS SO ORDERED.
6     **Dated:**   **January 22, 2010**                    **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE