# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON | 1:07-CV-1318 OWW GSA |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART |
| v. | |
| ROCHESTER MEDICAL CORPORATION, a Minnesota corporation and JOHN DOE DISTRIBUTOR, | (Document 65) |
| Defendants. | |

## I.    Introduction

On November 30, 2009, Plaintiff, Timothy Crayton ("Plaintiff") filed a Motion to Compel Discovery Responses from Defendant.  (Doc. 65).  On December 4, 2009, Defendant Rochester Medical Corporation ("ROCM" or "Defendant") filed an opposition and supporting documents.  (Docs. 82-86, 88).  Plaintiff did not file a Reply.  Upon a review of all of the pleadings, Plaintiff's Motion to Compel is GRANTED IN PART.

## II.    Relevant Background

Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison.  The matter arises from Plaintiff's allegations that he was injured when he used an Ultraflex Silicone Self-Adhering Male External Catheter manufactured by Defendant.  In an Amended Complaint filed on September 10, 2008, Plaintiff alleges causes of action for strict products liability,

negligent products liability, fraudulent misrepresentations, and breach of implied warranty of

fitness.  (Doc. 34).

A scheduling conference was held on March 27, 2009.  (Doc. 50).  On March 30, 2009,

the Court issued a scheduling order requiring that non-expert discovery be completed no later

than September 1, 2009.  (Doc. 55).  Pursuant to Defendant's ex parte request, on September 14,

2009, the Court issued an order extending the non-expert discovery deadline for Defendant until

September 20, 2009.  (Docs. 59, 62).   On September 23, 2009, the Court also extended

Plaintiff's non-expert discovery deadline until September 25, 2009.  (Doc. 61, 64).

**III.    Plaintiff's Motion to Compel**

Plaintiff's motion seeks to compel discovery responses to Request for Production of

Document Request Numbers 24, 29, which he requested on July 27, 2009, and Document

Request No. 9 which he requested on September 25, 2009.  He also is seeking sanctions in the

form of an admission that Defendant's catheter product resulted in his injuries, as well as

monetary sanctions in the amount of $300.00.

**IV.    Discussion**

  **A.    The Scope of Discovery**

   Fed.R.Civ.P. 26(b)  establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, non privileged, that is
> relevant to any party's claim or defense, including the existence,
> description, nature, custody, condition, and location of any books,
> documents, or other tangible things and the identity and location of
> persons having knowledge of any discoverable matter.  For good cause,
> the court may order discovery of any matter relevant to the subject matter
> involved in the action.  Relevant information need not be admissible at
> trial if the discovery appears reasonably calculated to lead to the discovery
> of admissible evidence.
> Id.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the

action.  "The party who resists discovery has the burden to show that discovery should not be

allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v.*

*Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna*

*Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).*

**1.    Request for Production Standards**

Fed. R. Civ. P. 34(b)(2) requires that a written response to a request for production either states that inspection and related activities will be permitted as requested, or states an objection to the request, including the reasons.  A party is obligated to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody, or control" on the date specified in the request.  Fed. R. Civ. P. 34(a).

**a.    Plaintiff's Disputed Request for Production of Documents**

**REQUEST NO. 24** : A copy of Defendant's complaint log regarding all complaints relevant and material to the Ultraflex condom catheter product from 1993 to current date.

Plaintiff's Position : Plaintiff alleges that in response to this request, Defendant sent him a 4 ½ page complaint log that he was unable to read because the font is too small. *See*, Plaintiff's Motion to Compel at Exhibit 4.  Plaintiff contends that he requested copies of the log in a larger format but his requests were ignored by Defendant.

Defendant's Position: Defendant contends the information contained on the 4 ½ page complaint log was an exhibit that was attached to Defendant's expert report of Robert Anglin dated September 15, 2009.  See, Declaration of Stacy Spodick dated December 3, 2009 at Exhibit 7. (Doc. 84) ("Complaint Log No. 2").   Defendant contends it initially sent Plaintiff a complaint log that included complaints regarding three types of its catheters : 1) Standard; 2) Wideband; and 3) Pop-On. *See,* Declaration of Stacy Spodick dated December 3, 2009, Exhibit 5 at Exhibit E. (Doc. 84) ("Complaint Log No. 1").   The Ultraflex catheter at issue is one of a number of products that fall within the Standard category.  The information on Complaint Log No. 2 is condensed information from Complaint Log No. 1 relating only to complaints of its standard catheter.  Thus, the information is duplicative of information that was already provided to Plaintiff.  Defendant alleges that it has offered to send the document to Plaintiff two times in a larger font but received no response from Plaintiff.

**Ruling** : Plaintiff's Motion is granted in part.  Plaintiff has received a copy of Complaint Log No. 1 which is the most comprehensive list.  At issue is the Complaint Log No. 2, which consists of the 4 ½ page log attached to the expert report. Regardless of whether Plaintiff was

already given the information in another form, he is entitled to the information in a readable

format. Although the Court is able to read the log, Plaintiff alleges he is unable to do so.

Defendant shall re-serve Plaintiff with Defendant's expert report of Robert Anglin dated

September 15, 2009, with a copy of Complaint Log No. 2 in a readable format, i.e., in a font size

no less than 12 point, within five days of this order.

**REQUEST NO. 9**.

Any and all complaints, injuries, complaint trends and analysis, Rochester Medical

Corporation's investigations regarding complaints and possible causes of reported problems and

injuries from 1993 to the current date; including any and all documents and records showing, and

actual copies of lawsuits, all lawsuits, filed as a result of the Ultraflex condom catheter product,

including the case name, case number, name of the plaintiff and plaintiff's counsel, and the name

and address of the court.

Plaintiff's Position : Plaintiff contends that he is entitled to copies of the complaints that

are designated on Complaint Log No. 1, the initial complaint log provided by Defendants.  He

alleges that on September 25, 2009, after receiving initial responses from Defendant, he served

an additional set of Production of Documents Requests that demanded copies of 204 of the

original complaints contained on Complaint Log No. 1.  Plaintiff contends that this information

is relevant because he is seeking information regarding potential witnesses who may have

experienced similar injuries while using the product in question.

Defendant's Position: Defendant argues that Complaint Log No. 1 is the document that it

maintains in the normal course of business regarding consumer complaints.  The log contains all

of the relevant non-privileged information including the date the comment was made, the type of

product the complaint was made about, as well as the substance of the complaint.  Defendant

argues that releasing copies of the actual complaint forms would result in privacy violations of

third parties because the forms contain their contact information.  Furthermore, the benefit of

releasing this information will be outweighed by the burden especially in light of Plaintiff's

criminal history.  Finally, Defendant argues that Plaintiff's motion seeks to expand the scope of

his actual demand for production of documents.  Defendant contends that Plaintiff never

4

1  provided ROCM with additional requests for production of documents requesting specific

2  complaints so he cannot now utilize a motion to compel to expand his initial discovery requests.

3      **Ruling:**  As a preliminary matter, the Court is not persuaded by Defendant's argument

4  that Plaintiff's initial request for production did not include a request for the actual complaints.

5  Plaintiff requested copies of the complaints in Request No. 9.  In response, Defendant sent

6  Plaintiff Complaint Log No. 1.  On September 25, 2009, Plaintiff served Defendant with

7  additional requests for discovery which identified specific complaints from Complaint Log No.

8  1, as well as the request of a legible copy of Complaint Log No. 2.  *See*, Plaintiff's Motion to

9  Compel at Exhibit 5.  On October 6, 2009, Defendant responded that not all requests on the log

10  were in writing and that Plaintiff was not entitled to the information based on privacy

11  considerations.[1]  *See*, Plaintiff's Motion to Compel at Exhibit 6. Therefore, Plaintiff is not

12  improperly attempting to expand his initial discovery requests in this motion.

13      Moreover, the Court finds that copies of the  actual complaints filed by other individuals

14  alleging similar injuries using the Ultraflex catheter are relevant to these proceedings.  However,

15  the Court also agrees that the request as stated would be burdensome and implicate privacy rights

16  since Plaintiff has requested copies of over two hundred complaint forms that contain the contact

17  information of third parties.

18      Privacy rights are generally recognized by federal courts.  *Johnson v. Thompson*, 971 F.

19  2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F. 2d 114, 119-120 (3rd. Cir. 1982).   In a

20  federal action based on diversity of citizenship, state law governs privilege claims.  Fed. R. Evid.

21  501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281 at 284.  To evaluate privacy objections

22  under either federal or state law, the Court must balance the party's need for the information

23  against the individuals privacy rights. *Thierno v. Rite Aid Corp.*, 2008 WL 3287035 (N.D. Cal.

24  2008) citing  *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). *See also, Davis v.*

25  *Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal., 1999) (California right to privacy is subject to a

26  balancing of the needs of the litigation with the sensitivity of the information/records sought).

27  _____

28      [1]  Plaintiff has argued that Defendant waived it right to assert a privacy privilege.  The Court finds that
given Defendant's reply to Plaintiff, the privacy privilege was timely asserted.

"Even where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit" *Davis v. Leal*, 43 F. Supp. 2d at 1110.  In this instance, there are privacy concerns that are implicated. Accordingly, the Court grants Plaintiff's Motion to Compel in part.

The Court has examined the record requests made by Plaintiff and finds that the requests are too broad.  Therefore, the Court will limit the requests in time and in scope. The parties are advised that Plaintiff may only examine complaints made within the last ten years, calculated from the date of this order, which involve similar defects to the one alleged by Plaintiff, i.e., complaints that the adhesive on the catheter was too strong and/or that the product caused injuries to the user's penis. The release of any information shall be subject to the procedure outlined below.

It appears that Complaint Log No. 2 lists the most relevant complaints for the product in question.  Therefore, after Defendant provides Plaintiff with Complaint Log No. 2, Plaintiff shall identify the complaints he wants to examine.  Thereafter, Defendant shall provide Plaintiff with a copy of the requested complaints to the extent that they are available, with any third party contact information redacted.  Upon reviewing the redacted complaints, if Plaintiff wishes to contact any third party, Plaintiff shall file a motion notifying the Court and requesting permission to do so. Such motion shall contain a copy of the complaint so that the Court may ascertain its relevancy. If the Court determines that the complaint is relevant and that permission should be granted, it will direct Defendant to contact the third party at Plaintiff's expense in order to seek permission for the release of any contact information.

**REQUEST NO. 29** : Copy of agreements with the distributor who distributed the at-issue Ultraflex condom catheter product to Kern Valley State Prison, including the distributor's name and address, and the date the at-issue condom catheter was delivered to the prison.

Plaintiff's Position:  Plaintiff argues that Defendant has this information and it is relevant.

1   <u>Defendant's Position</u>: Defendant argues that it has provided Plaintiff with a verified

2   response that it has no information as to which, if any entities and/or distributors distribute its

3   products to Kern Valley State Prison.

4       **Ruling** : Plaintiff's motion is denied.  Defendant's verified response that it does not have

5   this information is sufficient.

6       **B.      Discovery Sanctions**

7       Plaintiff requests sanctions based on Defendant's alleged failure to comply with his

8   discovery requests. Specifically, Plaintiff requests an evidentiary sanction including an admission

9   that Defendant's catheter product did in fact cause him injury, as well as monetary sanctions in

10  the amount of $300.00.  In reply, Defendants argue that no sanctions against it should be

11  awarded. Instead, Defendant argues that Plaintiff should be required to pay for Defendant's

12  expenses in replying to this motion.

13      A party seeking discovery may move for an order compelling an answer if a party fails to

14  permit inspection as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  If the motion is

15  granted, or if the discovery is provided after the motion is filed, the court may require the party

16  whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in

17  making the motion, including attorney fees.  Fed. R. Civ. P. 37(5)(A).  However, the court must

18  not order payment if the movant filed the motion before attempting in good faith to obtain the

19  discovery without a court order,  if the opposing party's non-disclosure, response or objection

20  was substantially justified, or other circumstances make an award of expenses unjust. Fed. R.

21  Civ. P. 37(5)(A)(i-iii).

22      Similarly, if the motion to compel is denied, the court may require that the movant pay

23  the opposing party its reasonable expenses incurred in opposing the motion including attorney's

24  fees.  However, the court must not order payment if the movant filed the motion before

25  attempting in good faith to obtain the discovery without a court order, if the opposing party's

26  non-disclosure, response or objection was substantially justified, or if other circumstances make

27  an award of expenses unjust. Fed. R. Civ. P. 37(5)(B).  If the motion is granted in part, and

28

1  denied in part, the court may apportion reasonable expenses for the motion.  Fed. R. Civ. P.

2  37(5)(C).

3       Here the Court has granted Plaintiff's Motion to Compel in part.  However, the Court

4  denies both parties' request for sanctions.  In this case, Plaintiff's motion, as well as defendant's

5  reasons for failing to provide the discovery requested, were substantially justified.

6  **V.    Conclusion**

7       Plaintiff's Motion to Compel filed on November 30, 2009, is GRANTED IN PART as set

8  forth above.  Additionally, the Court sets the following deadlines:

9       1.    Defendant is ordered to serve a copy of  Defendant's expert report of Robert

10 Anglin dated September 15, 2009, with a copy of Complaint Log No. 2 (the 4 ½ page consumer

11 complaint log) in a format that is legible **within five days** of the issuance of this order;

12      2.    Plaintiff shall notify Defendant which copies of the actual complaints he wishes to

13 examine and must do so no later than **February 19, 2010**.  Plaintiff is advised that he may only

14 examine complaints made within the last ten years, calculated from the date of this order.  These

15 complaints must involve similar defects to the one alleged by Plaintiff as outlined in this order;

16      3.    Defendant shall provide Plaintiff with a copy of the requested complaints to the

17 extent that are available by **March 19, 2010**.  Defendant shall first redact any third party contact

18 information contained on the complaints before submitting them to Plaintiff.  Defendant shall

19 also notify Plaintiff if the requested complaints are not available by **March 19, 2010;**

20      4.    Plaintiff shall file a motion identifying any third party he wishes to contact no later

21 than **April 23, 2010**.  Such motion shall contain a copy of the complaint so that the Court may

22 ascertain its relevancy.  If it is determined that the complaints are relevant, the Court will devise

23 a procedure at that time to notify the third parties seeking the approval for the release of their

24 contact information;

25      5.    In light of the foregoing discovery issues, the deadline for filing dispositive

26 motions set for **February 19, 2010**, the pre-trial conference date set for **April 12, 2010**, and the

27 trial date set for **May 25, 2010** are vacated.  The deadline for filing dispositive motions is re-set

28 to **May 1, 2010.**

1    The Court notes that Plaintiff filed a Motion for Summary Judgment on December 30,

2    2009.  (Doc. 92).  Defendant filed an opposition to the Plaintiff's Motion for Summary Judgment

3    on January 19, 2010.  *See*, Defendant's Opposition to Plaintiff's Motion for Summary Judgment

4    ("Defendant's Opposition") filed January 19, 2010.  (Doc. 97).  The Court has reviewed

5    Defendant's Opposition and it is unclear whether the pleading is an opposition to Plaintiff's

6    motion, a Cross-Motion for Summary Judgment, or both.   Specifically, Defendant's pleading is

7    entitled, "Opposition to Plaintiff's Motion for Summary Judgment and/or Summary

8    Adjudication," however, at the end of the document, Defendant requests that Plaintiff's Motion

9    for Summary Judgment and/or Summary Adjudication be denied in its entirety, and instead the

10   court should grant summary judgment in favor of Defendant on each and every claim.[2]  *See*,

11   Defendant's Opposition at pg. 26, lines 21-23. (Doc. 97).

12   Plaintiff is entitled to a properly noticed motion if Defendant is filing a Cross-Motion for

13   Summary Judgment.  Because of the ambiguity of the pleading, Defendant's Opposition to

14   Plaintiff's Motion for Summary Judgment and supporting documents filed on January 19, 2010

15   are STRICKEN.  (Docs. 97- 107).  Defendant is given leave to amend its pleading, however, any

16   amended pleading must clearly specify whether the motion is an Opposition to Plaintiff's motion

17   a Cross-Motion for Summary Judgment/Summary Adjudication, or both.  Any Cross-Motion for

18   Summary Judgment/Summary Adjudication shall comply with Local Rule 260 and the Fed. R.

19   Civ. P. 56, and clearly indicate which causes of action the motion relates to.

20   If Defendants file both an opposition to Plaintiff's motion and a Cross-Motion for

21   Summary Judgment/Summary Adjudication, two separate pleadings must be filed to ensure

22   Plaintiff receives proper notice.  Defendant shall also clearly indicate if the pleading addresses all

23   existing claims alleged in the Amended Complaint filed on September 10, 2008, or just some of

24   them. (Doc. 34).  Moreover, the Court notes that in the Opposition, Defendant requests summary

25   judgment on all causes of action, but the pleading does not specifically address Plaintiff's causes

26   of action for fraudulent misrepresentation and breach of implied warranty of fitness which are

27

28        [2]  Defendant also makes a request that the Court should grant summary adjudication in its favor on
Plaintiff's defective design claim.  See, Defendant's Opposition at pg. 21, lines 1-3.

contained in Plaintiff's Amended Complaint.  Defendant shall file the amended pleading by the dispositive deadline outlined above;

      6.     Plaintiff's Motion for sanctions is DENIED; and

      7.     Defendant's Motion for sanctions is DENIED.

     IT IS SO ORDERED.

**Dated:**   **January 22, 2010**             /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE