# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY CRAYTON, | ) | 1:07-CV-1318 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENA |
| v. | ) | |
| ROCHESTER MEDICAL CORPORATION, a Minnesota corporation and JOHN DOE DISTRIBUTOR, | ) | (Document 68) |
| Defendants. | ) | |

On November 12, 2009, Defendant, Rochester Medical Corporation ("Defendant" or "ROCM") filed a Motion to Quash Plaintiff's Subpoena Duces Tecum issued on October 13, 2009. Plaintiff Timothy Crayton ("Plaintiff") filed an Opposition on December 2, 2009. (Doc. 81). Defendant Rochester Medical Corporation filed a Reply on December 14, 2009. (Doc. 90). The hearing on the matter scheduled for January 15, 2010 at 9:30 was vacated pursuant to Local Rule 230 (g) and (l). Upon a review of all of the pleadings, Defendant's Motion to Quash is GRANTED.

**RELEVANT BACKGROUND**

Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison. The matter arises from Plaintiff's allegations that he was injured when he used an Ultraflex Silicone Self-Adhering Male External Catheter manufactured by Defendant. In an Amended Complaint

1  filed on September 10, 2008, Plaintiff alleges causes of action for strict products liability,
2  negligent products liability, fraudulent misrepresentations, and breach of implied warranty of
3  fitness. (Doc. 34).
4      A scheduling conference was held on March 27, 2009. (Doc. 50). On March 30, 2009,
5  the Court issued a scheduling order requiring that non-expert discovery be completed no later
6  than September 1, 2009. (Doc. 55). Pursuant to Defendant's ex parte request, on September 14,
7  2009, the Court issued an order extending the non-expert discovery deadline for Defendant until
8  September 20, 2009. (Docs. 59, 62). On September 23, 2009, the Court also extended
9  Plaintiff's non-expert discovery deadline until September 25, 2009. (Doc. 61, 64).
10     On October 19, 2009, Plaintiff attempted to serve a Subpoena Duces Tecum directed to
11 the Chief Executive Officer of ROCM, Mr. Anthony Conway. The subpoena requested the
12 production of various documents including copies of over two hundred consumer complaints, the
13 current address of ROCM's insurance company, the name and address of the distributor and
14 supplier who supplied the product to Kern Valley State Prison, and records or documents that
15 show that Defendant's product changes as a result of age and temperature storage. Defendant is
16 moving to quash the subpoena on the basis that it : 1) is improperly prepared and served, 2) is
17 untimely, 3) seeks the disclosure of privileged information, 4) is burdensome, harassing and
18 oppressive, and 5) that the information requested has already been produced. Plaintiff has
19 opposed the motion.

**DISCUSSION**

**A.**     ***Issuance of the Subpoena***

Federal Rule of Civil Procedure 45(a)(3) governs the issuance of subpoenas and provides as follows :

> **Issued by Whom**. The Clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney may also issue and sign a subpoena as an officer of:
>
>   (A) a court in which the attorney is authorized, to practice, or

         (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

In this case, Plaintiff has attempted to serve a subpoena that was not signed by the Clerk of the Court. The two signatures on the document include the Plaintiff's name as the attorney of record, and Shauntee Rogers, an individual at Kern State Prison. Although Plaintiff contends that he is the attorney of record in the case, neither he, nor Shauntee Rogers is the Clerk of the Court, nor is either an attorney authorized to practice law. Therefore, neither individual had authority to issue the subpoena.[1] Accordingly, the subpoena shall be quashed on that basis.

**B.     *Untimeliness***

In addition to being improperly issued, the scheduling order required that all non-expert discovery be completed no later than later than September 1, 2009. Pursuant to Defendant's ex parte request, on September 14, 2009, the Court issued subsequent orders extending the non-expert discovery deadline for Defendant until September 20, 2009, and extending Plaintiff's non-expert discovery deadline until September 25, 2009. (Docs. 62 and 64). Therefore, Plaintiff's non-expert discovery should have been requested prior to September 25, 2009. In this instance, Plaintiff did not prepare or serve the subpoena until October 13, 2009, which is past the non-expert discovery deadline.

Fed.R.Civ.P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Modifications of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607 (9th Cir. 1992)).

---

[1] The Court also notes that the subpoena had another individual's name on the top which Plaintiff has crossed out and inserted Defendant's name and the name of Anthony Conway. It is unclear whether this form was issued in another case.

3

1  In this case, Plaintiff did not move to amend the discovery deadline beyond the Court's
2  order, nor has he attempted to establish due diligence for such a request.  Therefore, the subpoena
3  request is untimely. The Court is not persuaded by Plaintiff's argument that the discovery deadline
4  in the court's scheduling order is November 1, 2009.  Although the scheduling order indicates that
5  all discovery must be completed by November 1, 2009, it also clearly indicates that the non-expert
6  discovery deadline is September 1, 2009.  Compare pg. 11 and pg. 12 of Doc. 55.  Additionally,
7  Plaintiff previously filed a request to amend the non-expert discovery deadline from September 1,
8  2009 until September 25, 2009.  Pursuant to that request, the Court issued a subsequent order
9  extending Plaintiff's non-expert discovery deadline until September 25, 2009. (Doc. 64).
10 Accordingly, the issuance of the subpoena was untimely and Defendant's motion shall be granted.

## CONCLUSION

Because the subpoena was not properly issued and was untimely, it is not necessary to address the other arguments raised in Defendant's Motion to Quash.  Based on the above, Defendant's Motion to Quash Plaintiff's subpoena is GRANTED.

IT IS SO ORDERED.

Dated:   **January 22, 2010**            /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE