# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CRAYTON,<br><br>Plaintiff,<br><br>v.<br><br>ROCHESTER MEDICAL CORPORATION, a Minnesota corporation, and JOHN DOE DISTRIBUTER,<br><br>Defendants. | CASE NO. 1:07-cv-1318 OWW GSA<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR AN ORDER TO INTERVIEW MATERIAL WITNESSES WITHOUT PREJUDICE<br><br>(Doc. 112) |

Plaintiff, Timothy Crayton ("Plaintiff"), is a state prisoner proceeding pro se in a civil action against Rochester Medical Corporation Inc., ("Defendant"). The matter arises from Plaintiff's allegations that Plaintiff was injured when he used an Ultraflex Silicone Self-Adhering Male External Catheter manufactured by Defendant. In an Amended Complaint filed on September 10, 2008, Plaintiff alleges causes of action for strict products liability, negligent products liability, fraudulent misrepresentations, and breach of implied warranty of fitness against Defendants.

On January 25, 2010, Plaintiff filed a motion seeking a court order allowing him to communicate with several inmate witnesses including : Brady Armstrong, Anthony Gatson, William Jamison, Damous Nettles, and Dewayne Carter. (Doc. 112).[1] Plaintiff asserts that he

---

[1] According to Plaintiff, inmates Jamison and Gaston are housed at Kern Valley State Prison. Plaintiff does not know the location of inmate Armstrong. Inmate Nettles is housed at Corcoran State Prison. Inmate Carter is housed at Salinas Valley State Prison.

1

needs to interview these potential witnesses to determine the evidentiary value of their proposed testimony, and whether or not they are still willing to testify at trial. Plaintiff also indicates that he needs this information to include in his pre-trial conference statement, as well as to help him determine whether he needs to subpoena the witnesses at trial.

The Court notes that Plaintiff has filed a Motion for Summary Judgment in this matter which is still pending.[2] (Doc. 92). On January 25, 2010, the Court issued an order vacating the pretrial conference and the trial date so that the parties may complete discovery and also so that the Court my rule on any Motions for Summary Judgment. (Doc. 109). Therefore, Plaintiff's motion is DENIED without prejudice as the request is premature. Plaintiff may renew his request at a later time if he deems it necessary after the Court sets new the pretrial conference date and schedules the case for trial.

IT IS SO ORDERED.

Dated: **February 2, 2010**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff has attached declarations from inmates Armstrong, Gaston, and Jamison as Exhibits to the Motion for Summary Judgment. Doc. 93 at Exhibits 11,12, and 13.