# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY CRAYTON | ) | 1:07-CV-1318 OWW GSA |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | ) | |
| ROCHESTER MEDICAL CORPORATION, a Minnesota corporation and JOHN DOE DISTRIBUTOR, | ) | (Document 124) |
| Defendants. | ) | |

**I.   Introduction**

On February 16, 2010, Plaintiff, Timothy Crayton ("Plaintiff") filed a Motion for Sanctions against Defendant, Rochester Medical Corporation ("Defendant") for failure to comply with this Court's Order issued on January 22, 2010. (Doc. 124). On February 17 and 19, 2010, Defendant filed replies to the motion. (Docs. 126-134).[1] On February 22, 2010, Plaintiff filed a document entitled "Supplemental to Plaintiff's Motion for Sanctions Against the Defendant" as well as a notice of non-compliance. (Docs. 135-136). On March 7, 2010, Defendant filed an opposition to Plaintiff's supplemental motion and supporting documents. (Docs. 137-138). The Court has considered all of the pleadings and DENIES Plaintiff's Motion for sanctions.

---

[1] One of these documents addresses Plaintiff's allegations regarding Defendant's lack of service of its opposition pleadings. Since Plaintiff's Motion for Sanctions also includes Defendant's alleged failure to serve him with exhibits to Defendant's Opposition to Plaintiff's Motion for Summary Judgment, the Court construes both of Defendant's filings as oppositions to Plaintiff's Motion for Sanctions.

1

## II. Plaintiff's Motion for Sanctions

Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison. The matter arises from Plaintiff's allegations that he was injured when using an Ultraflex Silicone Self-Adhering Male External Catheter manufactured by Defendant. In an Amended Complaint filed on September 10, 2008, Plaintiff alleges causes of action for strict products liability, negligent products liability, fraudulent misrepresentations, and breach of implied warranty of fitness. (Doc. 34).

On November 9, 2009, Plaintiff filed a Motion to Compel requesting *inter alia*, that Defendant be required to provide Plaintiff with a legible copy of a complaint log listing all complaints made by consumers using the catheter product. Plaintiff alleged that he was unable to read a complaint log previously supplied by Defendant in response to a request for production of documents. In Reply to Plaintiff's Motion to Compel, Defendant argued that it had sent Plaintiff a copy of two different complaint logs. Defendant argued that the first complaint log was broader in scope and contained complaints related to all of their catheter products, while the second complaint log contained only complaints related to the catheter product at issue in this case. Thus, the second complaint log, which Plaintiff alleged was illegible, contained information that Plaintiff already received in the first complaint log. Notwithstanding, the Court determined that Plaintiff should receive a legible copy of the second complaint log as this complaint log appeared to contain the most relevant information. On January 22, 2010, this Court granted Plaintiff's motion in part. (Doc. 109). Specifically, the Court ordered that Defendant serve Plaintiff with a copy of Defendant's expert, Robert Anglin's report dated September 15, 2009, along with a copy of the second complaint log in a legible format within five days of the issuance of the order.[2] Plaintiff was required to identify which complaints from the complaint log he would like to examine by February 19, 2010.

In the instant motion, Plaintiff alleges that Defendant did not provide him with the complaint log pursuant to this Court's order. Plaintiff also alleges that Defendant did not serve

---

[2] In the order, the Court indicated that the complaint log should be in a readable format, i.e., in a font size no less than 12 point. (Doc. 109 at pg. 4).

2

1   him with exhibits filed in its opposition to Plaintiff's Motion for Summary Judgment. In
2   particular, Plaintiff contends Defendant did not give him copies of exhibits attached to the
3   amended expert report of Robert Anglin.

4         As a result, Plaintiff has requested that the Court impose sanctions pursuant to Fed. R.
5   Civ. P. Rule 37(b)(2). Specifically, he requests that: 1) Defendant's Answer be stricken, 2)
6   Defendant's Opposition to Plaintiff's Motion for Summary Judgment be stricken, 3) Defendant's
7   evidence be excluded at trial, 4) the Court issue findings of fact that Defendant's product is
8   defective, and 5) the Court award monetary sanctions in the amount of $500.00.

9         In Opposition, Defendant argues that it complied with the Court's order. Defendant
10   argues that Plaintiff was served with the report of its defense expert, Robert Anglin, on
11   September 15, 2009, as part of its initial disclosures, as well as on February 1, 2010, pursuant to
12   the Court's order. *See*, Defendant's Reply and Declaration of Stacy Spodick, dated February 17,
13   2010 (Docs. 126 and 127). In support of its Opposition, Defendant has supplied the Court with a
14   copy of the expert report with the complaint log that was enlarged to a 12 point font and proof of
15   service that it sent to Plaintiff on February 1, 2010. *See*, Exhibit B attached to Declaration of
16   Stacy Spodick dated February 17, 2010. (Doc. 127 at ¶ 3; Doc. 129-3 at pgs. 35-42; Doc. 130-2
17   at pgs. 1-19, Doc. 131-2 at pgs. 1-24; Doc. 131 -2 at pgs. 1-7). Additionally, Defendant contends
18   that it did in fact send Plaintiff a copy of exhibits contained in its Opposition to Plaintiff's
19   Motion for Summary Judgment but did so separately in a compendium of exhibits. In addition,
20   Defendant has indicated that it has reserved Plaintiff with all of the requested documents. *See*,
21   Declaration of Stacy Spodick dated February 17, 2010 at ¶ 5. (Doc. 127).

22         Plaintiff filed a Supplemental Motion in reply to Defendant's opposition. He argues that
23   on February 8, 2010, he received a pleading from Defendant entitled "Defendant Rochester
24   Medical Corporation's Disclosure of Expert Witness Pursuant to F.R.C.P 26." Plaintiff contends
25   that the pleading is one year old and is dated September 15, 2009, and was served on him
26   February 1, 2010. *See*, Declaration of Timothy Crayton dated February 12, 2010. (Doc. 136 at
27   pgs. 5-6). Attached to this pleading were several pages of unintelligible data. *Id*. As a result,
28

Plaintiff argues that Defendant did not timely or appropriately comply with the Court's order. (Docs. 135 and 136).

On March 3, 2010, Defendant filed an Opposition to Plaintiff's Supplemental Motion in which it contends that it has complied with its discovery obligations including sending Plaintiff a copy of its expert disclosures, as well as complying with the Court's January 22, 2010 order. *See*, Defendant's Opposition to Plaintiff's Motion for Sanctions filed March 2, 2010 ("Defendant's Opposition") and Declaration of Stacy Spodick, dated March 1, 2010. (Docs. 137 and 138). In the Opposition, Defendant indicates that it informed Plaintiff that enlarging the font on the complaint log would result in changing the formatting of the document and that Defendant offered to send Plaintiff an enlarged copy. *See*, Exhibit A attached to Declaration of Stacy Spodick, dated March 1, 2010. (Doc. 138-2). However, Plaintiff never responded and instead filed the Motion to Compel on November 9, 2009. (Doc. 65).

**III.    Discussion**

As a preliminary matter, the parties are advised to review Local Rule 230(l) which outlines civil motion practice in prisoner actions. This rule requires that once a motion is filed, the opposing party may file an opposition, and then the moving party may file a reply. Plaintiff has filed numerous notices and supplemental motions that are not encompassed under the local rule. In response, Defendants have filed several replies and oppositions. Defendant's filings include several declarations and attached exhibits which are duplicative and burdensome to this Court. The Court has reviewed all the pleadings related Plaintiff's Motion for Sanctions on this occasion. However, the parties are advised that in the future, filings that are not in conformity with the Local Rule 230(l) and the Federal Rules of Civil Procedure will not be considered and will be stricken from the record.

Upon a review of all of the pleadings, the Court finds that Defendant did serve Plaintiff with a copy of the report of its defense expert, Robert Anglin, dated September 15, 2009, as well as a copy of the complaint log in a larger font pursuant to the Court's order. Plaintiff appears to be confused by the dates on the report, however, this is the report that the Court ordered be resent to Plaintiff. Moreover, the Court's order indicated that the font size on the complaint log should

not be less than a 12 point font and the Defendant complied with that requirement.  It appears that Plaintiff may be having difficulty receiving mail as a result of his incarceration.  However, the Court will not penalize Defendant for this.  Accordingly, Plaintiff's motion for sanctions is denied.

Notwithstanding the above, the Court agrees with Plaintiff that the complaint log Defendant served on him on February 1, 2010, is unintelligible because when the font was enlarged, the information on the log was spread across several pages.  While the Court's order indicated that the font size of the complaint log should not be less than a 12 point font, the order was also *clear* that Plaintiff was to be given the complaint log in a *legible* format. (Emphasis added) (Doc. 109 at pg. 8 lines 11).  The Court is frustrated that Defendant did not advise the Court when it became apparent that the complaint log was not legible once the font size was enlarged.  This is especially true since Defendant was aware that the formatting of the log would change as evidenced by the letter it sent to Plaintiff in October 2009 prior to the filing of his Motion to Compel.  *See*, Exhibit A attached to Declaration of Stacy Spodick, dated March 1, 2010. (Doc. 138-2).

As a result, Defendant shall provide another copy of the information contained on the complaint log that is *legible* to Plaintiff **no later than March 12, 2010**.  The Court notes that it appears that some of the columns on the log contain irrelevant information.  Therefore, the entire log need not be produced as long as the relevant information on the log is provided to Plaintiff.  This information includes, but is not limited to, the date and nature of the complaint, the complainant's name and/or identification number, and how the complaint was resolved if known.  Regardless of the formatting, the information must be presented in an intelligible manner.

It should also be noted that this Court's patience with this issue is growing short.  Defense counsel should have realized that the material sent to Plaintiff was unintelligible.  Defendant's lack of effort in this regard has resulted in additional work and a delay in the proceedings.  To ensure that Defendant has complied with this order and that Plaintiff has received a *legible* copy of the information contained in the complaint log, Defendant shall also

5

serve the Court with an *exact* copy of what is served on Plaintiff. Plaintiff is advised that he needs to have reasonable expectations regarding the formatting of the document.

Initially, the Court required Plaintiff to inform Defendant which copies of the consumer complaints he would like to examine by February 19, 2010. In light of the filing of this motion, the Court will modify the schedule regarding the exchange of consumer complaints as outlined below. However, the procedure outlined in this Court's January 22, 2010 order will not be altered.

Finally, the Court notes that the Plaintiff has filed a document entitled, "Plaintiff's Notice of Compliance with this Court's January 22, 2010 Order" wherein Plaintiff indicates that he filed the actual product packaging with his Motion for Summary Judgment. (Doc. 125 at pg. 2). Plaintiff's Motion for Summary Judgment does contain an exhibit which is an alleged *copy* of the packaging of the product at issue in this case. See, Plaintiff's Separate Statement of Undisputed Maternal Facts at Exhibit 2. (Doc. 93 at pgs. 13-14). Plaintiff is advised that the Court never received the actual product packaging, nor would it accept it as part of Plaintiff's Motion for Summary Judgment. The Court does not and cannot serve as a repository for the parties' evidence.

**IV. Conclusion**

Based on the above, Plaintiff's Motion for Sanctions is DENIED. However, the Court orders the following :

1) Defendant shall serve Plaintiff with a *legible and intelligible* copy of the information contained on the complaint log as outlined in this order no later than **March 12, 2010** Defendant shall serve the Court with an exact copy of the documents it sends to Plaintiff;

2) Upon reviewing the information from the complaint log, Plaintiff shall inform Defendant of the actual complaints he wishes to examine no later than **April 2, 2010.** As noted in the Court's last order, only complaints involving similar defects to the one alleged by Plaintiff shall be made available to Plaintiff.[3] Defendant shall serve Plaintiff with a copy of the requested

---

[3] This includes only those complaints made within 10 years from January 22, 2010, the date of this Court's previous order.

6

1 complaints to the extent that they are available no later than **April 15, 2010.**  Defendant shall
2 redact any third party contact information contained on the complaints before submitting them to
3 Plaintiff.  Defendant shall also notify Plaintiff if any of the requested complaints are not available
4 by **April 15, 2010**; and

    3) Plaintiff shall file a motion with the Court identifying any third party he wishes to contact no later than **May 14, 2010.**  Such motion shall contain a copy of the complaint so the Court may ascertain its relevancy.  If it is determined that the complaints are relevant, the Court will devise a procedure at that time to notify the third parties seeking the approval for release of their contact information.  The deadline for filing dispositive motions is **May 1, 2010**, as outlined in this Court's January 22, 2010 order.  (Doc. 109)

    IT IS SO ORDERED.

    **Dated:**    **March 5, 2010**        /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE