# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY CRAYTON | ) | 1:07-CV-1318 OWW GSA |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS |
| v. | ) | |
| ROCHESTER MEDICAL CORPORATION, a Minnesota corporation and JOHN DOE DISTRIBUTOR, | ) ) ) ) | (Document 143) |
| Defendants. | ) ) ) | |

On March 3, 2010, Plaintiff sent a letter requesting that the Court issue a subpoena. The Court construes Plaintiff's pleading as a Motion for a Subpoena Duces Tecum. Upon reviewing the subpoena, the request is DENIED.

**RELEVANT BACKGROUND**

Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison. The matter arises from Plaintiff's allegations that he was injured when he used an Ultraflex Silicone Self-Adhering Male External Catheter manufactured by Defendant. In an Amended Complaint filed on September 10, 2008, Plaintiff alleges causes of action for strict products liability, negligent products liability, fraudulent misrepresentations, and breach of implied warranty of fitness. (Doc. 34).

1  A scheduling conference was held on March 27, 2009.  (Doc. 50).  On March 30, 2009, the Court issued a scheduling order requiring that non-expert discovery be completed no later than September 1, 2009.  (Doc. 55).  Pursuant to Defendant's ex parte request, on September 14, 2009, the Court issued an order extending the non-expert discovery deadline for Defendant until September 20, 2009.  (Docs. 59, 62).   On September 23, 2009, the Court also extended Plaintiff's non-expert discovery deadline until September 25, 2009.  (Doc. 61, 64).

This case has an extensive history which includes several discovery disputes.  As a result, the non-expert discovery deadline was extended for narrowly defined issues.  On January 25, 2010, the Court issued an order expanding the non-expert discovery deadline to March 31, 2010, *for the limited purpose* of allowing the parties to utilize the appropriate discovery devices to obtain the catheter product and packaging. (Emphasis added).  (Doc. 108, lines 17-27). Similarly, the Court also extended the non-expert discovery deadline *for the limited purpose* of allowing Plaintiff to obtain consumer complaint report logs from Defendant. (Emphasis added). (Doc. 109 & 139).  No other extensions of the non-expert discovery deadline were granted.

## DISCUSSION

In the subpoena request, Plaintiff requests numerous items including: 1) any and all boxes of his personal property, 2) names of employees and records showing when and which prison officials purchased the Ultraflex Silicone Self-Adhesive Male catheter from 2005 to 2006 and the name of the person who sold/supplied the product to the prison, 3) name of the chief custodian of inmate records at Kern Valley State Prison and a copy of Plaintiff's medical records, 4) the name of the "chief pharmacy person" who issued and ordered Ultraflex Silicone Self-Adhesive Male Catheters to inmates at Kern Valley State Prison during 2005 and 2006, and 5) prison employee records for Dr. Jonathan Akanno and Dr. Larry Dileo including *inter alia*, information regarding their qualifications, certifications, job evaluations, and employment at the prison. (Doc. 143).
///
///
///

*A. Untimeliness*

As a preliminary matter, Plaintiff's request for the subpoena is untimely. A subpoena for document production is a form of discovery that is subject to the Court's discovery deadline. See, Marvin Lumber & Cedar Co. v. PPG Indus. Inc., 177 FRD 443, 445 (D MN 1997); McNerry v. Archer Daniels Midland Co., 164 FRD 584, 588 (WD NY 1995). Here, all of Plaintiff's requests fall outside the limited parameters of the extended discovery deadline. Fed.R.Civ.P. 16(b)(2) and (3) require district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Modifications of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607 (9th Cir. 1992).

In this case, Plaintiff did not move to amend the discovery deadline beyond the Court's order prior to expiration of the date, nor has he attempted to establish due diligence for such a request. This case is two and a half years old and the scheduling order setting the first discovery deadline in this case was issued on March 30, 2009, almost one year ago. (Doc. 55). Discovery has closed, except for the limited exceptions outlined above. (Doc. 92). Plaintiff has not made any good cause showing that extension of the discovery deadline is warranted, and the Court will not extend the deadline especially since the deadline expired several months ago. Therefore, the subpoena request is untimely and is DENIED.

*B. The Requested Items*

*Request No. 1*

Additionally, the items Plaintiff has requested are problematic. In his first request, Plaintiff requests any and all boxes of his confiscated personal property, case file records, evidence, work product and documents. While Plaintiff may argue that he needs his personal property to obtain the catheter, his request is overbroad as it includes all of his personal property. Plaintiff's ability to possess his property in his cell is subject to various restrictions deemed necessary by officials to maintain the safety and security of the institution, and may be dependent

on Plaintiff's current housing situation or other factors. The Court is simply not equipped, particularly on the record before it, to consider the propriety of Plaintiff's property restrictions. E.g., Bell v. Wolfish, 441 U.S. 520, 547-48, 99 S.Ct. 1861, 1878-79 (1979); Norwood v. Vance, Nos. 07-17322, 08-15778, 2010 WL 27406, at *3 (9th Cir. Jan. 10, 2010).

      Additionally, it appears Plaintiff has a state habeas corpus proceeding pending that addresses the very same property Plaintiff seeks to obtain in the subpoena.[1] (Doc. 94 at pg. 8; 145 at pg. 14). Under principles of comity, a federal court should not interfere with ongoing proceedings. Younger v. Harris, 401 U.S. 37, 43-54 (1971). "Younger abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." Poulos v. Caesars World, Inc., 379 F.3d 654, 669 (9th Cir. 2004) (citations omitted). Younger abstention is required if: (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F. 3d 1087, 1092 (9th Cir. 2008).

      In the subpoena, Plaintiff is seeking the return of all of his personal belongings which appears to be the same issue addressed in the habeas case in the Superior Court of California in Kern County.[2] The state habeas proceeding affords Plaintiff an opportunity to raise issues related to the confiscation of his personal property and he is currently doing so. If this Court were to

---

[1] The Court takes judicial notice of the fact that Plaintiff filed a Motion for Preliminary Injunction to obtain his personal property in another case pending in the United States District Court, Eastern District of California. Timothy Crayton v. Correctional Officer A. Hedpeth, et al., 08-621 WHA (PR). (Docs. 11, 24, and 25). The Court denied this motion in part based on Younger Absention principles. (Doc. 42 at pgs.1-3).

[2] On September 16, 2008, the California Court of Appeal found that Plaintiff demonstrated a prima facie case that "his personal property, including his word processor, has been confiscated, damaged or destroyed, and that he is being denied adequate access to a word processor while his word processor is being repaired." The California Court of Appeal remanded the case to the superior court to conduct a hearing. (Doc. 94 at pg. 8; 145 at pg. 14).

issue a subpoena ordering a return of Plaintiff's property, it would have the practical effect of enjoining the state proceeding. Accordingly, absent some allegation that an exception to Younger applies, the Court defers to the state court proceeding to address Plaintiff's issues and denies his request for a subpoena on that basis.

Finally, the Court notes that throughout this case, Plaintiff has represented numerous times to the Court, under penalty of perjury, that the catheter at issue in this case was in his personal property that he alleges has been confiscated by prison officials. (Doc. 94, pg. 5, ¶ 5 and Doc. 125 pg. 2, ¶ 3). As a result of these representations, the Court has extended the discovery deadline to allow the parties the opportunity to obtain the catheter and the packaging. However, in a recent Motion to Quash Defendant's Subpoena filed on March 15, 2010, Plaintiff now represents under penalty of perjury, that he has no information that would lead him to believe the catheter remains in his boxes or that the catheter still exists. (Doc. 145, pg. 12 at ¶ 5). Plaintiff advises he was permitted to inspect the property boxes in August 2009 and he did not see the catheter inside any of the boxes. *Id*. at ¶ 6. Plaintiff also contends that he was advised by prison officials that if they had seen the catheter in his property boxes it would have been destroyed for sanitation and safety reasons. *Id*. at ¶ 7. Thus, Plaintiff believes the catheter was destroyed by prison officials. *Id*. at ¶ 8.

The Court notes that Plaintiff filed numerous declarations representing that the catheter was in his personal property even after Plaintiff had inspected the property previously in August 2009 and did not find it there. (Doc. 94, pg. 5 ¶ 5 and Doc. 125, pg. 2 ¶ 3). The Court advises Plaintiff that making misrepresentations to the Court under penalty of perjury is a serious matter and may result in the imposition of sanctions, including, but not limited to, dismissal of his case.

***Requests Nos. 2-4***

A subpoena shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." F.R.Civ.P. 45 (a)(1)( iii). The Court has reviewed requests 2-4 and part of these requests contain interrogatory requests. Plaintiff may not propound an interrogatory on a non-party. Moreover, the Court will only grant a

5

request if the documents sought from the non-party are not available to Plaintiff. In this case, Plaintiff has requested his medical records but has not demonstrated that he is unable to obtain his medical records in another way. Accordingly, in addition to the above reasons, these requests will be denied.

*Requests Nos. 5-6*

Plaintiff has requested the personnel and employment records, grievances, and lawsuits for Dr. Jonathan Akanno and Dr. Larry Dileo. However, these requests are overbroad and Plaintiff has not demonstrated the relevancy to this litigation.

## CONCLUSION

Based on the above reasons, Plaintiff's Motion for a Subpoena Duces Tecum is DENIED.

IT IS SO ORDERED.

Dated: **March 26, 2010**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE