# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY CRAYTON, | ) | 1:07-CV-1318 OWW GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO QUASH SECOND SUBPOENA IN PART |
| v. | ) ) | ORDER MODIFYING SUBPOENA ISSUED BY DEFENDANT MARCH 12, 2010 |
| ROCHESTER MEDICAL CORPORATION, a Minnesota corporation and JOHN DOE DISTRIBUTOR, | ) ) ) | (Document 152) |
| | ) ) | |
| Defendants. | ) ) | |

**I.     Introduction**

On March 31, 2010, Timothy Crayton, ("Plaintiff") filed a Motion to Quash a Subpoena issued by Defendant Rochester Medical Corporation ("Defendant") on March 12, 2010. (Doc. 152). The subpoena was directed to Warden Harrington at the Kern Valley State Prison and requested evidence relating to the Ultraflex Silicone External Male Catheter used by Plaintiff. Defendant filed an opposition to Plaintiff's motion on April 21, 2010. (Doc. 163). Plaintiff did not file a reply. Upon a review of all of the pleadings, Plaintiff's Motion to Quash is GRANTED IN PART.

**II.     Relevant Background**

Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison. The matter arises from Plaintiff's allegations that he was injured when he used an Ultraflex Silicone

1

1  Self-Adhering Male External Catheter ("Ultraflex Catheter") manufactured by Defendant. In an
2  Amended Complaint filed on September 10, 2008, Plaintiff alleges causes of action for strict
3  products liability, negligent products liability, fraudulent misrepresentations, and breach of
4  implied warranty of fitness. (Doc. 34).

5  There have been numerous discovery disputes in this case. The most recent dispute
6  relates to an order issued by this Court on January 22, 2010, wherein the Court extended the non-
7  expert discovery deadline for the limited purpose of allowing the parties to "utilize the
8  appropriate discovery devices to obtain the product and [the] packaging." Doc. 108, pg. 5 at line
9  24-26.

10  In response to this order, Defendant issued a subpoena on February 25, 2010, to Mr.
11  Harrison, Warden of the Kern Valley State Prison, in an attempt to get several items related to
12  the catheter at issue in this case. Plaintiff filed a Motion to Quash this subpoena on March 15,
13  2010. (Doc. 145). Defendant withdrew the subpoena and the Court denied Plaintiff's Motion to
14  Quash as moot. (Doc. 150).

15  Defendant issued another subpoena on March 12, 2010, again directed to Mr. Harrison,
16  Warden of the Kern Valley State Prison ("Defendant's second subpoena"). This second
17  subpoena requests the following items be produced by March 31, 2010:

> The ultraflex silicone external condom catheter and/or all packaging related to Plaintiff Timothy Crayton at Kern Valley State Prison from 2005-2010.
>
> The ultraflex male external catheter manufactured by Rochester Medical Corporation and/or it's [sic] packaging which Timothy Crayton claims caused him injury on or about 3/20/06 and which Timothy Crayton claims was confiscated and/or is being held by Kern Valley State Prison.

23  Plaintiff filed the instant Motion to Quash based on several reasons including: 1) the
24  subpoena was not properly served and is therefore untimely, 2) the subpoena is overly broad and
25  goes beyond the limitations set forth in this Court's January 22, 2010 order, and 3) the subpoena
26  violates Plaintiff's privacy rights and unlawfully intrudes into Plaintiff's pro se attorney
27  lawyer/client privilege information and work product confidentiality rights. In addition to
28

quashing the subpoena, Plaintiff requests that the Court issue a subpoena that allows Plaintiff to personally inspect the boxes of his personal property and produce the items requested.

**III.   Discussion**

    a.   *Service of the Subpoena*

Plaintiff contends that the subpoena was not properly served because he received "an anonymous" copy of the subpoena that was not sealed which violates Rule 45. He further argues the subpoena is defective on the basis that: 1) the proof of service was not signed and therefore the subpoena is invalid, 2) the subpoena contained an incomplete case number, and 3) the notice to consumer improperly referenced a deposition rather than the subpoena duces tecum. In support of his motion, Plaintiff provided the Court with a copy of the subpoena and an unsigned proof of service. (Doc. 152 at Ex. 6 at pg. 44).

In opposition, Defendant argues that the subpoena was properly served. Defendant submitted a signed proof of service, as well as numerous correspondences it has had with Plaintiff regarding the existence and the location of the catheter in question. (Doc. 162-163).

The Court has reviewed the subpoena and will not quash the subpoena for lack of proper service. The proof of service Plaintiff was provided was not signed, however, Defendant has submitted a signed proof of service with its filings.[1] Although the subpoena omits some of the case numbers, this omission is not fatal to the validity of the subpoena as the case it relates to can be discerned from the document. Moreover, Plaintiff is mistaken when he argues that the subpoena notices a deposition and he is unsure whether he will have to appear and prepare for the deposition. It this case, the subpoena requests that the custodian of records be available to be deposed rather than the Plaintiff. Finally, although Plaintiff argues improper service, it is evident that he received the document, therefore, any deficiencies in the proof of service were not prejudicial.

///

///

---

[1] The Court notes that Plaintiff should have been supplied with a signed copy of the proof of service. Defendant is again admonished that the Court is concerned with the inadequacies of Defendant's filings.

      *b.*      *Items Requested in the Subpoena*

Plaintiff argues that the subpoena is overbroad in that it requests items beyond the scope of the Court's order. The Court agrees. This Court's order issued on January 22, 2010, was clear that the nonexpert discovery was extended only to obtain the product and [the] packaging at issue in this case. Doc. 108, pg. 5 at line 24-26. However, the first paragraph of the subpoena requests any catheter and packaging related to Plaintiff Timothy Crayton at Kern Valley State Prison from 2005-2010. Defense counsel is admonished for its disregard of the order as this request is beyond the Court's directive. The Court will strike this portion of the subpoena.

Although Plaintiff argues he has the catheter packaging in his possession which was previously provided to Defendant, Defendant should be able to utilize a subpoena to determine if additional packaging exists. As argued by the Defendant, Plaintiff has given inconsistent information regarding the location and existence of the catheter and its packaging. *See*, Declaration of Spacy Spodick dated April 20, 2010 (Doc. 163) at Exhibit A pg. 3, II, Exhibit C at pg. 2, Exhibit D at pg. 6. Indeed, Plaintiff has represented numerous times to the Court that the catheter at issue was in his personal property allegedly confiscated by prison officials. (Doc. 94, pg. 5, ¶ 5 and Doc. 125 pg. 2, ¶ 3). However, in his last Motion to Quash, Plaintiff represented that during an inspection of his boxes he did not see the catheter and was informed that the catheter would have been destroyed by prison officials for sanitation and safety reasons. (Doc. 145, pg. 12 at ¶¶ 5-7). Accordingly, Defendant does not have to accept Plaintiff's word regarding the existence and location of the catheter and the packaging. The second paragraph of the subpoena will remain as requested.

      *c.*      *Privilege*

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that a Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception of the waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Federal Rule of Civil Procedure 45(a)(iii)(B) also provides that modification or quashing a subpoena is permitted when the subpoena requires "disclosing a trade secret, or other confidential research, development, or commercial information." Fed.R.Civ. P. 45(a)(iii)(B). However, Federal Rule of Civil Procedure

4

45 (d)(2)(A) also requires that "a person withholding the subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation, must (i) expressly make the claim, and 2) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

Plaintiff argues that Defendant is attempting to use this discovery device as a way to access Plaintiff's boxes of unrelated lawyer-client information and work product information of other ongoing civil and criminal cases. In support of his request, Plaintiff asserts that the Defendant is misusing the Court's supbeona power to obtain :

> [U]nlawfully confiscated boxes containing a mixture of confidential private personal property and lawyer-client privilege information of various court cases, records, work product, evidence, private notes, [f]amily [p]robate matters, corporate and partnership trade secrets, unpublished book manuscripts intellectual properties, law books and ADA accommodation typing supplies"
> (Doc. 152 at pg 8).

Here, other than listing privileges and reasons to withhold the information, Plaintiff has failed to identify with specificity which documents are privileged and on what basis. He has also failed to provide the Court with authority that the attorney client privilege applies in this case since Plaintiff is representing himself pro se. Furthermore, even if the attorney/client privilege applies, blanket assertions of the privilege are "extremely disfavored." Clark v. American Commerce Nat. Bank, 974 F 2d. 127, 129 (9th Cir. 1992). The attorney/client privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity. United States v. Hodgson, 492 F.2d 1175, 1177 (10th Cir.1974); See also United States v. El Paso Co., 682 F.2d 530, 541-42 (5th Cir.1982) (attempt to invoke privilege rejected, due in part to the failure to "particularize its assertion of the privilege" with respect to each specific document), cert. denied, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). Thus, Plaintiff's broad assertions will not suffice.

Moreover, although Plaintiff alleges a privacy privilege, that right is not absolute. Privacy rights are generally recognized by federal courts. *Johnson v. Thompson*, 971 F. 2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F. 2d 114, 119-120 (3rd. Cir. 1982). In a federal action

based on diversity of citizenship, state law governs privilege claims. Fed. R. Evid. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998). Article 1, Section 1 of the California Constitution recognizes an individual's right to privacy. However, the right is not absolute but may be subject to invasion depending on the circumstances. *Hill v. National Collegiate Athletic Ass'n* 7 Cal 4th 1, 37, 26 Cal Rptr. 2d 834, 857 (1994). To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individuals privacy rights. *Thierno v. Rite Aid Corp.*, 2008 WL 3287035 (N.D. Cal. 2008) citing *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). *See also, Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal., 1999) (California right to privacy is subject to a balancing of the needs of the litigation with the sensitivity of the information/records sought).

      Here, Plaintiff has made a decision to litigate the instant case. The catheter and the packaging in this case are central to Plaintiff's claims and to the defense of this action. Although Plaintiff has expressed concern that prison officials will look at other documents in the Plaintiff's boxes that relate to ongoing litigation he has against them, the Court will not prejudice Defendant because Plaintiff has filed other lawsuits, is incarcerated, and does not have access to his property. Preventing the production of the packaging or catheter would be extremely prejudicial to Defendant and the Court will not quash the subpoena on that basis. Plaintiff has provided inconsistent information to this Court and to Defendant regarding the existence of the catheter and the packaging, and Defendant is entitled to determine if the catheter exists in Plaintiff's property. Upon a balancing of interests, the Defendant's interest in this case outweighs Plaintiff's privacy privilege.

      Plaintiff has requested that the Court issue a subpoena so that he may personally search the boxes to determine if the catheter still exists and produce it for the Defendant's inspection. However, since the Warden has the custody and control of Plaintiff's personal materials, the Warden, or a person he so designates, is the appropriate person to search the items and respond to the subpoena duces tecum. The Court will request that Plaintiff be allowed to be present at the time the search is conducted, however, as previously explained to Plaintiff, this Court does not

1 have authority to order the warden in this case to allow Plaintiff access to his property since the
2 warden is not a party to this action.  Furthermore, the warden has the discretion to impose various
3 restrictions to maintain the safety and security of the institution which may be dependant on
4 Plaintiff's housing situation or other factors.  Bell v. Wolfish, 441 U.S. 520, 547-48, 99 S.Ct.
5 1861, 1878-79 (1979); Norwood v. Vance, Nos. 07-17322, 08-15778, 2010 WL 27406, at *3 (9th
6 Cir. Jan. 10, 2010).   Finally, although the Court will not quash the subpoena, the Court will
7 modify it to include a provision that the subpoena is limited to the catheter in question and any
8 related packaging.  Accordingly, no documents, books, or other information shall be read by
9 prison officials while surveying Plaintiff's property.

**IV.   Conclusion**

Based on the above, Plaintiff's Motion to Quash is GRANTED IN PART.  Accordingly, IT IS HEREBY ORDERED:

1) The first paragraph of the subpoena which reads as follows is STRICKEN:

   The ultraflex silicone external condom catheter and/or all packaging related to Plaintiff Timothy Crayton at Kern Valley State Prison from 2005-2010.

2) The subpoena is limited to the following request :

   The ultraflex male external catheter manufactured by Rochester Medical Corporation and/or its packaging which Timothy Crayton claims caused him injury on or about 3/20/06 and which Timothy Crayton claims was confiscated and/or is being held by Kern Valley State Prison.

3) No documents, books, or other information shall be read by prison officials during the search of Plaintiff's property;

4) Defendant shall serve this order on Mr. Harrison, Warden of the Kern Valley State Prison, and the appropriate designee, within **two** days of service of this order;

5) Mr. Harrison, Warden of the Kern Valley State Prison, shall respond to the subpoena no later than **May 21, 2010.**

In addition to the above order, the Court requests that Plaintiff be permitted to be present at the time prison officials conduct the search for the items outlined in the subpoena.  However, the Court recognizes that whether Plaintiff will be permitted to be present will be up to the

1  discretion of prison officials.  Plaintiff shall not be permitted to interfere with the search of his
2  personal belongings in any way.

9  IT IS SO ORDERED.
10  Dated: **May 5, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE