1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8
9

TIMOTHY CRAYTON,                             CASE NO. 1:07-cv-1318- OWW GSA

10
                    Plaintiff,               ORDER DENYING PLAINTIFF'S MOTION
11                                           FOR PRELIMINARY INJUNCTION AND
        v.                                   ORDER DENYING PLAINTIFF'S MOTION
12                                           FOR STAY
ROCHESTER MEDICAL CORP,
13
                    Defendant.               (Doc. 181)
14

15  _____/

16
## I.      Introduction

17
        Plaintiff Timothy Crayton is a state prisoner proceeding pro se in this civil action.  Pending

18  before the Court is Plaintiff's Motion for Preliminary Injunction filed on June 21, 2010. (Doc. 181).

19   On July 2, 2010, Defendant filed an opposition to Plaintiff's Motion for Preliminary Injunction with

20  accompanying declarations. (Docs. 185- 187).  Upon a review of all of the pleadings in this matter,

21  Plaintiff's Motion for Preliminary Injunction is DENIED.

22
## II.     Relevant Background

23
        Plaintiff is a wheelchair paralytic who is an inmate at Kern Valley State Prison ("KVSP or

24  prison").  The matter arises from Plaintiff's allegations that he was injured when he used an Ultraflex

25  Silicone Self-Adhering Male External Catheter ("catheter") manufactured by Defendant, Rochester

26  Medical Corporation.  In an Amended Complaint filed on September 10, 2008, Plaintiff alleges

27  causes of action for strict products liability, negligent products liability, fraudulent

28

1

1   misrepresentations, and breach of implied warranty of fitness. (Doc. 34).

2       On May 5, 2010, Magistrate Judge Gary Austin issued an order modifying a subpoena issued

3   by Defendant on March 12, 2010. (Doc. 164). The modified subpoena was directed to Warden

4   Harrington at the KVSP and requested that prison officials produce the catheter and the packaging

5   at issue in this case. The catheter was believed to be in Plaintiff's personal belongings which

6   included boxes that were stored at the facility. Plaintiff moved to quash the subpoena on the basis

7   that, *inter alia,* it was an invasion of his privacy, and a violation of the attorney client privilege since

8   Plaintiff's possessions included work product from various lawsuits filed by Plaintiff against prison

9   officials. The Court modified the subpoena to include only the catheter at issue and ordered that no

10  documents, books, or information be read by prison officials during the search.[1]

11      Plaintiff filed the instant Motion for Preliminary Injunction on the basis that on June 2, 2010,

12  prison officials allegedly conspired with defense counsel, Jon Kardassakis, entered his cell with an

13  expired subpoena issued by Defendant, and removed Plaintiff's case records, evidence and work

14  product in this case. As a result, Plaintiff contends he is unable to timely file his opposition to

15  Defendant's Motion for Summary Judgment. Plaintiff requests the Court issue an order directing

16  defense counsel and their "agent," William Adam, Litigation Coordinator at the prison, to

17  immediately return all of the confiscated materials and stay the proceedings until Plaintiff's personal

18  property has been returned. (Doc. 181 at pg. 10). In the alternative, Plaintiff requests that the Court

19  issue an order directing Defendant to show cause why the injunctive relief requested should not be

20  granted. Plaintiff also requests that the Court allow him to amend his complaint to include a cause

21  of action for conversion.

22      In the Opposition, Defendant's counsel indicates that the only communication with prison

23  officials he had was to serve the subpoena and confirm with the litigation coordinator that it was

24  received. Defendant contends that the only documents produced by prison officials in response to

25  the modified subpoena were photographs of catheters, tubes, and packaging recovered in the search

26

27      [1] The Court acknowledges that it ordered that the Warden respond to the subpoena no later than May 21,
28  2010. However, Defendant has not objected that the timeliness of the response to the subpoena. The fact that prison
    officials did not conduct the search until June 2, 2010 does not render the subpoena invalid.

1   of Plaintiff's cell.  Defendant also attached the declaration of Russ Linquist, the Correctional Officer

2   who conducted the search, indicating that Plaintiff watched the search from the day room. (Doc. 187

3   at pg. 3).  Officer Linquist indicates that the only property taken from Plaintiff's cell was catheters,

4   tubes, and packaging, which were photographed, and returned to Plaintiff later that day. Id.  Officer

5   Linquist indicates that no other property was taken, nor were any legal papers, or other documents

6   disturbed during the search.  Id.

7   **III.    Discussion**

8          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.

9   Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff

10  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

11  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

12  in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An

13  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376

14  (citation omitted) (emphasis added).

15         Federal courts are courts of limited jurisdiction.  In considering a request for preliminary

16  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

17  it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,

18  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

19  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or

20  controversy before it, it has no power to hear the matter in question.  Id.

21         Plaintiff is contesting the lawfulness of a search and confiscation of materials from his cell

22  by prison officials.  Plaintiff argues that this search and seizure was illegal and is a violation of his

23  Constitutional rights under the Fourth and Fourteenth Amendments.  However, here, the case or

24  controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in

25  his motion bears no relation, jurisdictionally, to the strict products liability, negligent products

26  liability, fraudulent misrepresentations, and breach of implied warranty of fitness causes of action

27  alleged in his complaint.    Lyons, 461 U.S. at 102; also Summers v. Earth Island Inst., 129 S.Ct.

28  1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003

1    (1998).   Plaintiff's allegations of irreparable injury, cannot and do not overcome what is a

2    *jurisdictional* bar.  Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and

3    redressability constitutes the core of Article III's case-or-controversy requirement, and the party

4    invoking federal jurisdiction bears the burden of establishing its existence.")

5         Because the case-or-controversy requirement cannot be met, the pendency of *this* action

6    provides no basis upon which to award Plaintiff injunctive relief.  Id.  The only relief available to

7    Plaintiff in this action, should he prevail, is money damages for the injuries he suffered as a result

8    the alleged product defect.  Although Plaintiff has alleged that counsel for Defendant conspired with

9    prison officials to seize this property, the actual seizure relates to the conditions of his confinement

10   which are not at issue in the instant case.  Accordingly, Plaintiff's Motion for Preliminary Injunctive

11   Relief is HEREBY DENIED, with prejudice, for lack of jurisdiction.

12        Similarly, Plaintiff's request to stay these proceedings pending the return of his property is

13   also DENIED.  The Court notes that it has given Plaintiff *several* extensions of time in this action

14   including a previous thirty day extension of time to file his opposition to Defendant's Motion for

15   Summary Judgment .  (Docs. 64, 91, 176).  Moreover, Plaintiff has been advised that this Court has

16   no authority to order prison officials to return his property because prison officials are not a party

17   to this action.  It also appears that there is a discrepancy between Plaintiff's and prison official's

18   accounts of the events that occurred on the day of the search.  Given all of these factors, and the fact

19   that this case nearly three years old, the Motion for Stay is DENIED.   The Court will, however,

20   allow Plaintiff a final extension of time to respond to Defendant's motion given the timing of the

21   filing of the Motion for Preliminary Injunction.  Plaintiff shall file any opposition to Defendant's

22   Motion for Summary Judgment no later than **July 30, 2010.**

23        Finally, Plaintiff will not be permitted to amend the complaint in this matter. Courts  should

24   freely give leave to amend when justice so requires. Fed. R. Civ. Proc. 15(a).   In this case, however,

25   Plaintiff asks for leave to amend the complaint to include factual allegations and defendants that are

26   separate from the allegations contained in the initial complaint.   Therefore, amendment of the

27   complaint is not proper and Plaintiff's Motion to Amend the Complaint is DENIED.

28   **IV.    Conclusion**

1    Based on the above, Plaintiff's Motion for Injunctive Relief and his Request for a Stay are

2  DENIED.  Similarly, Plaintiff's Motion to Amend the Complaint is also DENIED.  Plaintiff shall file

3  any opposition to Defendant's Motion for Summary Judgment no later than **July 30, 2010.**

4    Additionally, Plaintiff is HEREBY PLACED ON NOTICE that any further motions for

5  injunctive relief that are baseless and filed in contravention of the applicable legal standards Plaintiff

6  has been provided with will result in the imposition of sanctions deemed appropriate by this Court.

7  The Court has clearly explained to Plaintiff the jurisdictional bar to obtaining the relief he seeks

8  regarding his current conditions of confinement and access to his property.  Plaintiff's continued

9  refusal to acknowledge the legal bases for the Court's rulings constitutes an abuse of process, and will

10 not be overlooked.  Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984) ("[T]he

11 doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will

12 not be tolerated.")

13

14 IT IS SO ORDERED.

15 **Dated:   July 8, 2010**                      **/s/ Oliver W. Wanger**
                                           UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28